365 Mich. 645 (1962)
114 N.W.2d 183
LABOR MEDIATION BOARD
v.
JACKSON COUNTY ROAD COMMISSIONERS.
Calendar No. 49,379.
Supreme Court of Michigan.
Decided March 16, 1962.
Rehearing denied May 17, 1962.
Frank J. Kelley, Attorney General, Joseph B. Bilitzke, Solicitor General, Maurice M. Moule and Franklin J. Rauner, Assistant Attorneys General, for plaintiff.
Kelly, Kelly & Kelly (Phillip C. Kelly, of counsel), for defendant road commissioners.
CARR, J.
This proceeding involves the jurisdiction and authority of the State labor mediation board under statutory provisions pertaining thereto. PA 1947, No 336,[*] in terms prohibits strikes by certain public employees and provides for mediation of grievances involving such employees and their employers. Section 7 of said act (CL 1948, § 423.207 [Stat Ann 1960 Rev § 17.455(7)]) reads as follows:
"Upon the request of a majority of any given group of public employees evidenced by a petition signed by said majority and delivered to the labor mediation board, or upon request of any public official in charge of such employees, it shall be the duty of the labor mediation board to forthwith mediate the grievances set forth in said petition or notice, and for the purposes of mediating such grievances, the labor mediation board shall exercise the *648 powers and authority conferred upon said board by sections 10 and 11 of Act No 176 of the Public Acts of 1939."
Sections 10 and 11 of the act of 1939, cited in said section,[**] incorporated by reference for the purpose of indicating the procedure to be followed, provide:
"Sec. 10. After the board has received the above notice, or upon its own motion, in an existing, imminent or threatened labor dispute, the board may and, upon the direction of the governor, the board must take such steps as it may deem expedient to effect a voluntary, amicable and expeditious adjustment and settlement of the differences and issues between employer and employees which have precipitated or culminated in or threatened to precipitate or culminate in such labor dispute. To this end, it shall be the duty of the board:
"(a) To arrange for, hold, adjourn or reconvene a conference or conferences between the disputants and/or 1 or more of their representatives;
"(b) To invite the disputants and/or their representatives to attend such conference and submit, either orally or in writing, the grievances of and differences between the disputants;
"(c) To discuss such grievances and differences with the disputants or their representatives; and
"(d) To assist in negotiating and drafting agreements for the adjustment or settlement of such grievances and differences and for the termination or avoidance, as the case may be, of the existing or threatened labor dispute.
"In carrying out any of its work under this act, the board may designate 1 of its members or an officer of the board to act in its behalf and may delegate to such designee 1 or more of its duties hereunder and, for such purpose, such designee shall have all the powers hereby conferred upon the board *649 in connection with the discharge of the duty or duties so delegated.
"Sec. 11. The board and each member thereof and each person designated thereby shall have power to hold public or private hearings at any place within the State, subpoena witnesses and compel their attendance, administer oaths, take testimony and receive evidence. Subpoenas may be issued only after the mediation of a dispute shall have been actually undertaken.
"(a) In case of contumacy or refusal to obey a subpoena issued to any person, the circuit court of any county within the jurisdiction of which the inquiry is carried on, upon application by the board or commission, shall have jurisdiction to issue to such person an order requiring such person to appear before the board or commission, to produce evidence or to give testimony touching the matter in question. Failure to obey any such order may be punished by the court as a contempt thereof.
"(b) Process and papers of the board or commission may be served either personally or by registered mail or by telegraph or by leaving a copy thereof at the principal office or place of business of the person to be served. Return by the individual serving the same setting forth the manner of such service, return post office receipt or telegraph receipt therefor, shall be proof of service of the same."
It appears that the employees of the Jackson county road commission through their union, United Construction Workers, a division of United Mine Workers of America, District 50, Region 5, filed a petition with the mediation board in March, 1959, in terms requesting the mediation of alleged grievances relating to their work. Pursuant thereto several meetings were held by the board at which defendant commissioners, and employees, were present. The record before us does not disclose that definite progress was made at the conferences held *650 or that agreements with reference to matters considered were reached.
Under date of August 28, 1959, the union representing the employees filed a petition requesting the mediation board to conduct a fact-finding hearing. At the same time an amendment to the prior petition was filed, indicating that on behalf of the employees a so-called work policy had been submitted to the county board, and that the parties were not in agreement with reference to provisions thereof. The record indicates that the commission, either by way of counterproposals or perhaps independently of the employees' submitted work policy, advanced a proposed work policy of its own of which, inferentially, approval on the part of the employees was sought.
In accordance with the request for written findings submitted on behalf of the employees the labor mediation board issued subpoenas to the 4 named defendants, which were duly served, requiring the attendance of each at the conference room of the Michigan employment security commission in the city of Jackson on June 29, 1960, at 2 o'clock in the afternoon. Defendants did not appear and, proceeding pursuant to the statutory provisions above quoted, the mediation board filed a petition in the circuit court of Jackson county for an order requiring the appearance of said defendants before the mediation board at a reasonable and proper time and place to give testimony with reference to matters in controversy. On the filing of the petition an order was issued requiring the defendants to show cause why the writ of mandamus sought should not be granted. Defendants filed answer to the petition and order, asserting in substance that the mediation board was without jurisdiction, that in fact no dispute existed between the Jackson county road commission and its employees, and that in consequence *651 the proceeding was not lawfully commenced. Reference was also made to the several hearings that had been held, apparently without tangible results, and it was further asserted that because of the attitude of the union representing the employees the commission considered "the mediation at an end." The answer also admitted the work policy proposed by the commission.
It does not appear that testimony was taken on the hearing before the circuit judge on the order to show cause. Presumably the case was argued by counsel representing the respective parties, it being the contention of the defendants that there was no dispute existing between the board of county road commissioners and its employees relative to wages, hours, and terms of conditions of employment. The circuit judge concluded that the function of the labor mediation board was to mediate and arbitrate labor disputes, and that there was no such actual dispute in existence at the time of the filing of the petition on behalf of the employees seeking mediation by the board. It was held accordingly that said board was without jurisdiction, and that the situation in this respect was not altered because of the various conferences between the parties. An order was entered dismissing the petition. On leave granted, the labor mediation board has appealed to this Court.
On behalf of appellant it is insisted that the act of 1947 here involved does not make the existence of a "dispute" between an employer and his employees a condition precedent for invoking the jurisdiction of the labor mediation board. Reliance is placed in this connection on the specific language of section 7 of the act, above quoted, which provides in substance that on the filing of a petition requesting that the board mediate grievances therein set forth said board shall proceed accordingly.
*652 In Garden City School District v. Labor Mediation Board, 358 Mich 258, 263, it was said:
"Section 7 of PA 1947, No 336, requires no preliminary steps to invoking mediation other than the filing of the petition or request provided therein. Nor does this section require detailing of `the grievances' in the petition. The word `grievance' must be read in the statute in its generally accepted sense, rather than as defined by usage in some contract cases."
The petition that had been filed in said case was found to be sufficient and the jurisdiction of the mediation board was sustained. Plaintiff's suit ended in a decree of dismissal of the bill of complaint filed.
The claim advanced here on behalf of appellees that the labor mediation board is without jurisdiction unless there is a dispute in the ordinary acceptance of the term rests on the theory that PA 1947, No 336, must necessarily be construed in connection with PA 1939, No 176, as amended.[***] The earlier act, as indicated by its title, dealt with the mediation of "labor disputes." It is significant, however, that PA 1947, No 336, the act in question here, makes no reference to such disputes but has for its main purpose the preventing of strikes by public employees as defined in the act, and, as incidental thereto, the mediation of grievances. Had it been the intention of the legislature to permit the mediation board to assume jurisdiction only in cases where labor disputes existed, as distinguished from grievances, it may be assumed that the specific language used in the earlier statute would have been repeated. The fact that procedure as outlined in the sections above quoted from the act of 1939 was *653 made available for observance under the act of 1947 does not affect the scope of the later statute or the purpose sought to be accomplished thereby. The language of PA 1947, No 336, is not ambiguous. There can be no question as to the legislative purposes sought to be accomplished thereby. It related to specific situations and particular classes of employers and employees. It must be construed as it reads and is, in consequence, not open to the interpretation urged on behalf of appellees.
No claim is made that the petition as originally filed with the mediation board did not refer to "grievances" in connection with the employment of the petitioners. It followed the statute pursuant to which it was submitted, and must be regarded as sufficient. Whether the grievances relied on by petitioners actually existed was primarily a question for determination by the board. It may be assumed on this record that such question was determined in accordance with the claims of the employees. It may be noted also in passing that at the time of the particular proceeding involved in the case now before us the petition had been amended in such manner as to refer to disagreements between the road commission and its employees with reference to certain provisions of the work policy submitted by the latter. At that stage of the proceeding such work policy, as well as that advanced by the road commission, was under consideration. That there were at the time grievances subject to mediation by appellant is scarcely open to question.
The scope of the act here involved was before this Court in Gaidamavice v. Newaygo Board of County Road Commissioners, 341 Mich 280. There the plaintiff, a discharged employee of the defendant, sought to invoke the aid of equity for the purpose of obtaining an adjudication of his alleged rights. It appeared in the case that a proceeding *654 was pending before the State mediation board involving certain provisions of the work policy of the defendant commission which were not acceptable to the employees and also concerning the discharge of the plaintiff by the defendant. On motion plaintiff's bill of complaint was dismissed, and this Court affirmed, saying in part (pp 288, 289):
"Plaintiff's remedy is clearly provided by statute. He is given the right to process his grievance before the labor mediation board, and this affords him as a public employee protection of his constitutional rights. See City of Detroit v. Division 26 of the Amalgamated Association of Street, Electric Railway & Motor Coach Employees of America, 332 Mich 237. The remedy thus afforded is exclusive in the absence of arbitrary or capricious action by defendants. The labor mediation board is the administrative tribunal established by law to hear such disputes, and it is the proper forum for the determination of plaintiff's grievance.
"We accept and adopt as the opinion of this Court the following statement contained in the trial judge's written opinion:
"`It appears to this court that one of the very obvious objects of the Hutchinson act was to prevent strikes by public employees as a result of which the public might be injured. It is of interest, however, to note that the Hutchinson act goes farther than to merely prohibit strikes by public employees. It provides a forum before whom the aggrieved employee may appear and that forum is the mediation board. That board has assumed jurisdiction of this matter and this court has no right to assume or to presume that the mediation board will not continue to function in this matter and to take such action and to render such assistance as it may be empowered to do under the authority conferred upon it by law.'"
We are in accord with appellant's claim that it had jurisdiction to mediate the grievances, of which *655 complaint was made before it, in accordance with the provisions of the statute. This disposes of the main issue raised on the appeal. Having jurisdiction the board was entitled to proceed in accordance with its rules and regulations and to conduct a fact-finding hearing. It does not appear that the validity of the rules under which such action was undertaken was, or is, questioned. Primarily it was for the board to determine if the petition presented to it properly invoked its jurisdiction. It does not appear that appellees by motion or otherwise sought to have the order set aside. The action of the board was sought to be nullified by the refusal to obey the subpoenas.
The trial judge correctly held that the tendering of witness fees to defendants at the time the subpoenas were served was not required. The case is remanded to circuit court with directions to set aside the order dismissing plaintiff's petition and to enter an order in lieu thereof granting the relief sought. In view of the nature of the proceeding no costs are allowed.
DETHMERS, C.J., and KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.
ADAMS, J., did not sit.
NOTES
[*] CL 1948, § 423.201 et seq. (Stat Ann 1960 Rev § 17.455[1] et seq.).
[**] CL 1948, §§ 423.10, 423.11 (Stat Ann 1960 Rev §§ 17.454[11], 17.454[12]).
[***] CL 1948, § 423.1 et seq., as amended (Stat Ann 1960 Rev § 17.454 [1] et seq.).