SCHOOL DISTRICT FOR THE CITY OF HOLLAND *v.*
HOLLAND EDUCATION ASSOCIATION.

1. LABOR RELATIONS—STATUTES—PUBLIC EMPLOYEES—TEACHERS.
    Schoolteachers, given certain specific rights between school years
    by public employees relations act, *held*, public employees within
    the meaning of such act although they refuse to resume teach-
    ing of classes as scheduled by school board (CL 1948, § 423.201,
    as amended by PA 1965, No 379).

2. SAME—STATUTES—SCHOOL CODE—WRITTEN CONTRACTS.
    Claim by defendant teachers that they were not public employees,
    within the meaning of public employees relations act, because
    they did not have individual written contracts as required
    by school code *held*, without merit, as the existence of written
    contracts does not affect the status of such teachers as public
    employees under the public employees relations act (CLS 1961,
    § 340.569, as amended by PA 1965, No 14; CL 1948, § 423.201,
    as amended by PA 1965, No 379).

3. SAME—PUBLIC EMPLOYEES RELATIONS ACT—TEACHERS—STRIKE.
    Schoolteachers who refuse to resume teaching classes on date
    scheduled by school board for resumption thereof *held*, on
    "strike" in violation of provisions of public employees relations
    act prohibiting strikes by public employees (CLS 1961, § 340-
    .116; CL 1948, § 423.201, as amended by PA 1965, No 379).

4. SAME—STATUTES—TEACHERS—STRIKES—INJUNCTION.
    Claim by striking teachers that remedy of school board with
    respect to illegal strike by teachers was limited to statutory
    provisions providing for discipline against striking employees

REFERENCES FOR POINTS IN HEADNOTES
[1–6] 31 Am Jur, Labor §§ 56, 359, 395.
    Union organization and activities of public employees.  31 ALR2d
    1142
[7] 5 Am Jur 2d, Appeal and Error § 1009,

*held,* without merit, since the enactment of such specific provision cannot be interpreted to imply removal of the historic power of courts to enjoin strikes by public employees (CL 1948, § 423.201, as amended by PA 1965, No 379).

5. SAME — STATUTES — PUBLIC EMPLOYEES — TEACHERS — CONSTITU-
TIONAL LAW.
    Claim by defendant teachers that public employees relations act, prohibiting strikes by public employees was unconstitutional *held,* without merit (CL 1948, § 423.201, as amended by PA 1965, No 379).

6. SAME—PUBLIC EMPLOYEES—TEACHERS—STRIKE—INJUNCTION.
    Injunction issued by circuit court, requiring striking teachers to return to work pending a hearing on the merits of complaint by school board which alleged that said teachers were engaged in an illegal strike, contrary to public employees relations act, *held,* proper, and cause is remanded to the circuit court for further proceedings (CL 1948, § 423.201, as amended by PA 1965, No 379).

7. COSTS — APPEAL AND ERROR — PUBLIC QUESTION — INJUNCTION —
TEACHERS—STRIKES.
    No costs are allowed on appeal from issuance of temporary injunction requiring striking teachers to return to employment, a public question being involved.


Appeal from Ottawa; Smith (Raymond A.), J. Submitted Division 3 September 9, 1967, at Grand Rapids. (Docket No. 4,328.) Decided September 9, 1967. Leave to appeal granted September 12, 1967. See 379 Mich 778, 380 Mich 314.

Complaint by the School District for the City of Holland, Ottawa and Allegan Counties against Holland Education Association, Winona Penna, Ted Boeve, Margaret DePree, Dorothy Bradish, Barbara Lampen, Della Bowman, and others to enjoin an alleged strike by defendant schoolteachers, and to prevent the Holland Education Association and the remaining defendants from encouraging, inducing, or persuading teachers to strike. A tem-

porary injunction, granting such relief, was entered by the circuit court.  Defendants appeal.  Affirmed.

*Miller, Johnson, Snell & Cummiskey (Philip F. Wood,* of counsel), and *Ten Cate, Townsend & Cunningham,* for plaintiff.

*Foster, Campbell, Lindemer & McGurrin (Theodore W. Swift,* of counsel), for defendants.

PER CURIAM.  Plaintiff commenced an action in the Ottawa county circuit court against defendants requesting injunctive relief concerning a claimed strike by defendants' concerted failure to report for duty and willful absence from the full, faithful, and proper performance of their duties of employment for the purpose of inducing, influencing, or coercing a change in the conditions, or compensation, or the rights, privileges or obligations of employment.

The Honorable Raymond A. Smith, circuit judge, after a hearing in open court, issued a temporary restraining order directed to the defendants, the pertinent portions thereof being as follows:

"It is ordered that, pending a final hearing on the merits of said complaint, and until the further order of this court, said defendants, Holland Education Association, Winona Penna, Ted Boeve, Margaret DePree, Dorothy Bradish, Barbara Lampen, Della Bowman, John Doe and Mary Roe, as well as any member, agent, and/or representative of any named defendant, and all persons acting in concert with them or any of them are hereby restrained and enjoined:

"1. From striking, under any guise whatsoever, including any concerted failure to report for duty, or wilfully absenting themselves from their positions, stopping work, or abstaining in whole or in part from the full, faithful and proper performance

of their duties of employment, for the purpose of inducing, influencing or coercing a change in the conditions, or compensation, or the rights, privileges or obligations of employment.

"2. From encouraging, inducing, or persuading teachers to strike, under any guise whatsoever, including the concerted withholding of services, and including any concerted failure to report for duty, or wilfully absenting themselves from their positions, from stopping work, or abstaining in whole or in part from the full, faithful and proper performance of their duties of employment, for the purpose of inducing, influencing or coercing a change in the conditions, or compensation, or the rights, privileges, or obligations of employment."

Subsequent to the issuing of such temporary restraining order the defendants sought and obtained an emergency appeal to the Court of Appeals together with a stay of proceedings until a hearing thereon, scheduled for September 9, 1967, 11 a.m., at the Court of Appeals, Grand Rapids, Michigan. Pursuant to the order of this Court, counsel for plaintiff and defendants appeared and argued the matter at length. In addition to the pleadings of the parties, counsel have furnished comprehensive and thorough briefs.

The pertinent statute involved, public employees relations act (also known as the Hutchinson act), PA 1947, No 336, § 1 (CL 1948, § 423.201), as amended by PA 1965, No 379 (Stat Ann 1965 Cum Supp § 17.455[1]) provides:

"Sec. 1. As used in this act the word 'strike' shall mean the concerted failure to report for duty, the wilful absence from one's position, the stoppage of work, or the abstinence in whole or in part from the full, faithful and proper performance of the duties of employment, for the purpose of inducing, influencing or coercing a change in the conditions, or

compensation, or the rights, privileges or obligations of employment.  Nothing contained in this. act shall be construed to limit, impair or affect the right of any public employee to the expression or communication of a view, grievance, complaint or opinion on any matter related to the conditions or compensation of public employment or their betterment, so long as the same. is not designed to and does not interfere with the full, faithful and proper performance of the duties of employment."

and section 2 (CL 1948, § 423.202 [Stat Ann 1960 Rev § 17.455(2)]):

"Sec. 2.  No person holding a position by appointment or employment in the government of the state of Michigan, or in the government of any 1 or more of the political subdivisions thereof, or in the public school service, or in any public or special district, or in the service of any authority, commission, or board, or in any other branch of the public service, hereinafter called a 'public employee,' shall strike."

We find that the teachers are now public employees as used in the public employees relations act, although they have not commenced working this fall.  The public employees relations act gives teachers rights between school years, such as calling on mediation services of the Michigan labor mediation board in section 7,[1] bargaining with the school board through their representatives in section 15[2] and invoking the unfair labor practice machinery of the board in section 16.[3]  The same act imposes a duty on public employees not to strike in section 2.

---

[1] CL 1948, § 423.207, as amended by PA 1965, No 379 (Stat Ann 1965 Cum Supp § 17.455[7]).

[2] CL 1948, § 423.215, as added by PA 1965, No 379 (Stat Ann 1965 Cum Supp § 17.455[15]).

[3] CL 1948, § 423.216, as added by PA 1965, No 379 (Stat Ann 1965 Cum Supp § 17.455[16]), and amended by PA 1965, No 397 (Stat Ann 1967 Current Material § 17.455[16]).

We reject the argument of the defendants that the teachers are not public employees because they do not have individual written contracts as required by the school code of 1955 (CLS 1961, § 340.569, as amended by PA 1965, No 14 [Stat Ann 1965 Cum Supp § 15.3569]). It is not necessary for teachers to have written contracts to be considered public employees under the public employees relations act. *Garden City School District* v. *Labor Mediation Board* (1959), 358 Mich 258.

We find the teachers are on strike because they are abstaining in whole from the performance of their duties of employment for the proscribed purposes of section 1 of the act. The school board set an opening day of school, now past. This was proper under the powers set forth in CLS 1961, § 340.116 (Stat Ann 1959 Rev § 15.3116) and was done, apparently, after bargaining to impasse on the issue.

The claim of the defendants that section 6 of the public employees relations act is the only remedy available to the school board cannot be accepted by this Court. Its provisions for discipline of striking public employees and review procedure for them cannot be interpreted to imply removing the historic power of courts to enjoin strikes by public employees. See 31 ALR2d 1142 and the cases cited therein.

We reject the contentions of the defendants concerning the constitutionality of the public employees relations act. *Detroit* v. *Division 26 of AASER & MCE of A* (1952), 332 Mich 237, 250. In holding the Hutchinson act constitutional, the Court quoted *Norwalk Teachers' Ass'n* v. *Board of Education of City of Norwalk* (1951), 138 Conn 269 (83 A2d 482), which denied any right of public employees to strike, and in the courts of its opinion said:

"In the American system, sovereignty is inherent in the people. They can delegate it to a government which they create and operate by law. They can give to that government the power and authority to perform certain duties and furnish certain services. The government so created and empowered must employ people to carry on its task. Those people are agents of the government. They exercise some part of the sovereignty entrusted to it. They occupy a status entirely different from those who carry on a private enterprise. They serve the public welfare and not a private purpose. To say that they can strike is the equivalent of saying that they can deny the authority of government and contravene the public welfare."

We hold that the temporary restraining order issued by the circuit court for Ottawa county to be a proper exercise of the court's power to prevent the defendants from striking and is not an abuse of discretion. See *United States* v. *United Steelworkers of America, CIO* (CA 2, 1953), 202 F2d 132; *United States* v. *International Longshoreman's Ass'n, AFL-CIO* (SD NY, 1964), 246 F Supp 849. See, also, *United Steelworkers of America* v. *United States* (1959), 361 US 39, 44 (80 S Ct 1, 177, 4 L ed 2d 12, 169), in the opinion of Justices Frankfurter and Harlan reviewing the historic power of courts to issue injunctions in labor disputes where the public interest is involved.

Appellants' motion for further stay of proceedings is denied. The stay order of this Court of September 7, 1967, is vacated.

Affirmed and remanded to the Ottawa county circuit court. No costs, a public question being involved.

FITZGERALD, P. J., and BURNS and HOLBROOK, JJ., concurred.