WAYNE COUNTY CIVIL SERVICE COMMISSION
*v.*
WAYNE COUNTY BOARD OF SUPERVISORS

OPINION OF THE COURT

1. LABOR RELATIONS—COUNTIES—PUBLIC EMPLOYEES—RATES OF PAY.
Declaratory judgment that the County of Wayne was the employer of county employees and that the Wayne County Board of Supervisors was empowered to act for the county in establishing rates of pay and other terms and conditions of employment for county employees through the Wayne County Labor Relations Board was error (PA 1965, No 379).

2. LABOR RELATIONS—MASTER AND SERVANT—EMPLOYER—IDENTIFI-CATION CHARACTERISTICS.
The general characteristics identifying employers are: (1) that they select and engage the employee, (2) that they pay the wages, (3) that they have the power of dismissal, and (4) that they have the power and control over the employee's conduct.

3. LABOR RELATIONS—MASTER AND SERVANT—EMPLOYER—RIGHT TO CONTROL.
The right to exercise control over the method by which an employee carries out his work is a most significant characteristic of one who is an employer.

4. LABOR RELATIONS—COUNTIES—CIVIL SERVICE COMMISSION—STAT-UTES.
A county civil service commission has the statutory power and duty to classify positions and to submit uniform pay plans for standardizing salaries, but it does not have exclusive control over classification and standardization of salaries for

REFERENCES FOR POINTS IN HEADNOTES

[1–3]  35 Am Jur, Master and Servant § 2.
[4–7]  14 Am Jur, Counties § 26 *et seq.*
[8–14]  48 Am Jur 2d, Labor and Labor Relations § 1191 *et seq.*
[15–17]  15 Am Jur 2d, Civil Service §§ 12, 15.

this must be approved by the county board of supervisors (MCLA §§ 38.409, 38.412).

5. Labor Relations—Counties—Board of Supervisors—Civil Service Commission.

A county board of supervisors must approve all decisions made by the county civil service commission, hence responsibility for final approval of all contract salary provisions for county employees lies with the supervisors.

6. Labor Relations — Counties — Board of Supervisors — Civil Service Commission — Appointing Authority — Conjunctive Duties.

Neither a county board of supervisors nor a county civil service commission has all of the identifying characteristics of an employer; consequently they must function in conjunction with each other and with the particular county appointing authority in resolving problems of bargaining collectively with county employees (MCLA §§ 38.409, 38.41, 46.12).

7. Labor Relations—Counties—Highways—Board of Road Commissioners.

A county board of road commissioners is a public employer and should be permitted to bargain collectively with its employees (PA 1965, No 379).

8. Counties—Labor Relations—Collective Bargaining.

No single agency in a county has the exclusive right or responsibility to represent that county in all matters pertaining to the process of collective bargaining.

9. Statutes—Counties—Labor Relations—Collective Bargaining.

The 1965 statute establishing collective bargaining for public employees is reconcilable with the 1941 statute establishing civil service commissions for counties, therefore, the later statute did not repeal by implication inconsistent provisions of the earlier statute (PA 1941, No 370; PA 1965, No 379).

10. Counties—Master and Servant—Labor Relations—County Employees—Employer.

The employer of county employees is the county and its functions as an employer are carried out by various county entities, such as its board of supervisors, its civil service commission and, to a lesser extent, the county road commission and other county appointing authorities.

11. COUNTIES—BOARD OF SUPERVISORS—LABOR RELATIONS.

The Wayne County Board of Supervisors, in carrying out its statutory function of caring for and managing county property and business where no other provisions therefor shall be made, had the right and responsibility to determine adequate bargaining units for county employees, to recognize exclusive bargaining agents of those employees, and to use the county labor relations board to investigate and to recommend appropriate action (MCLA § 46.11; PA 1965, No 379).

12. LABOR RELATIONS—COUNTIES—CLASSIFIED SERVICE—SALARIES—WAGES.

No single body or individual in county government has the right or responsibility, exclusively, to represent that county in matters dealing with establishment of salaries, wages, terms and conditions of employment of employees in the classified civil service of that county.

13. LABOR RELATIONS—COUNTIES—COLLECTIVE BARGAINING—PUBLIC EMPLOYEES—CIVIL SERVICE COMMISSION.

The statute establishing collective bargaining for public employees has neither terminated nor modified the statutory power and authority of a county civil service commission except that as a repository of some of the powers of the county employer, that commission, as well as others holding such powers, has the duty to bargain in good faith (PA 1941, No 370; PA 1965, No 379).

14. LABOR RELATIONS—COUNTIES—BOARD OF SUPERVISORS—ROAD COMMISSION—CIVIL SERVICE COMMISSION.

Neither the board of supervisors nor the road commission of a county has the authority to delegate to a county labor relations board the duties and responsibilities of the county civil service commission (PA 1941, No 370).

### CONCURRING OPINION
#### LEVIN, J.

15. COUNTIES—CIVIL SERVICE COMMISSION—DISBURSEMENT OF FUNDS.
    *A county civil service commission does not have the power to authorize the disbursement of county or road commission funds, nor does it have the responsibility of running the units of county government where civil service employees work.*

16. COUNTIES—CIVIL SERVICE COMMISSION—LABOR RELATIONS.
    *Statutory powers of a county civil service commission to regulate county employees hours and conditions of service, vacations,*

*sick leaves, and to classify and standardize such employees positions and salaries, does not eliminate the employer-employee relationship existent between a county employing unit and its employees since that employing unit remains the employer, albeit an employer with an obligation to conform to the lawful regulations of the civil service commission regarding matters within its regulatory control (MCLA §§ 38.409, 38.412).*

17. COUNTIES—CIVIL SERVICE COMMISSION—SALARIES—SICK LEAVE.

*The power of a county civil service commission to classify and to standardize positions and salaries does not confer upon that commission the authority to fix or to limit salaries, nor does its power to regulate hours and conditions of service, vacations, and sick leave, give that commission authority to require hours and conditions of service and vacation and sick leave benefits less liberal than those which a major unit of county government having the hiring, supervisory, disciplinary and budgetary responsibility is willing to provide.*

Appeal from Wayne, Joseph A. Sullivan (*dissenting*), Joseph G. Rashid and Neil Fitzgerald, JJ. Submitted Division 1 June 10, 1969, at Detroit. (Docket Nos. 5,431, 6,076.) Decided February 27, 1970. Leave to appeal granted May 18, 1970. 383 Mich 782.

Complaint by Wayne County Civil Service Commission against Wayne County Board of Supervisors, Wayne County Labor Relations Board, and Wayne County Board of Road Commissioners for a judgment declaring the collective bargaining rights of the parties. Judgment declaring Wayne County the employer of County employees and that the Wayne County Board of Supervisors had the power to act for the employer in establishing rates of pay, terms and conditions of employment for those employees. Plaintiff appeals. Defendant Wayne County Board of Commissioners cross-appeals. Reversed.

*Thomas V. Lo Cicero (Avery Weiswasser,* Assistant Prosecuting Attorney, and *Fred Hustad,* of counsel), for plaintiff.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchy* and *David R. Kaplan,* Assistant Prosecuting Attorneys, for defendants Wayne County Board of Supervisors and Wayne County Labor Relations Board.

*John P. Cushman, Daniel Horgan, Jr., Clayton M. Foor, Robert E. Murphy* and *Rothe, Marston, Mazey, Sachs & O'Connell,* Attorneys for defendant Wayne County Board of Road Commissioners.

*Amicus Curiae:* County Road Association of Michigan (by *Foster, Campbell, Lindemer & Mc-Gurrin [Theodore W. Swift* and *Lynwood E. Beekman,* of counsel]).

Before: Fitzgerald, P. J., and Levin and T. M. Burns, JJ.

Fitzgerald, P. J.   This Court is faced with two cases which have been consolidated for purposes of this appeal, the same statement of facts being applicable in both instances.   The original actions dealt with and arose out of the amendment to the statute known as the "Hutchinson Act".   It is concerned with the right of county employees to organize and bargain collectively with their respective governmental employers over rates of pay, wages, conditions of employment and hours of work.

The initial dispute arose on March 22, 1966, when the Wayne County Board of Supervisors adopted a resolution which established a three-member labor relations board for the express purpose of com-

plying with the requirements of PA 1965, No 379 (MCLA § 423.209 [Stat Ann 1968 Rev § 17.455(9)]), amending PA 1947, No 336, and establishing collective bargaining for public employes. The act provides that:

"It shall be lawful for public employees to organize together or to form, join or assist in labor organizations, to engage in lawful concerted activities for the purpose of collective negotiation or bargaining or other mutual aid and protection, or to negotiate or bargain collectively with their public employers through representatives of their own free choice."

In § 15 of the act, collective bargaining is made an employer duty, the act specifically providing that:

"A public employer shall bargain collectively with the representative of its employees as defined in § 11 and is authorized to make and enter into collective bargaining agreements with such representatives."

The labor relations board, which consisted of representatives of the board of supervisors, Wayne County Civil Service Commission and the Wayne County Road Commission, began collective bargaining sessions. This, in effect, displaced the civil service commission in bargaining for rates of pay and terms and conditions of employment.

In April, 1967, the Wayne County Civil Service Commission filed an action against the Wayne County Board of Supervisors, the Wayne County Road Commission and the Wayne County Labor Relations Board, seeking a declaratory judgment for determination of the collective bargaining rights of the respective parties. The case came on to be heard by a three-judge panel of the Wayne County Circuit Court.

On March 26, 1968, the court entered a declaratory judgment, with one judge dissenting, which determined that the County of Wayne was the employer under PA 1965, No 379 (MCLA § 423.209 [Stat Ann 1968 Rev § 17.455(9)]) and that the Wayne County Board of Supervisors was empowered to act for the employer in establishing rates of pay and other terms and conditions of employment through the labor relations board. All parts of PA 1941, No 370 (MCLA § 38.401 *et seq.* [Stat Ann 1961 Rev § 5.1191 (1) *et seq.*]) which were inconsistent were declared repealed by implication or suspended.* Subsequently, on April 9, 1968, plaintiff filed a claim of appeal to the circuit court which was denied. The court also denied a motion for new trial and a motion to amend the judgment. On August 8, 1968, defendant Wayne County Board of Road Commissioners filed a claim of appeal.

We are primarily concerned with the issue of whether the trial court erred in its determination that the County of Wayne was the employer under PA 1965, No 379, and that the Wayne County Board of Supervisors was empowered to act for the employer in establishing rates of pay and other terms and conditions of employment through the labor relations board. More succinctly stated, we are asked to determine who actually is the employer of employees of Wayne county for the purpose of collective bargaining and negotiation. We note that this problem exists because the legislature in drafting PA 1965, No 379, failed to specifically define the term "employer" for purposes of collective bargaining under the act.

It is the contention of the plaintiff civil service commission that the County of Wayne is the em-

---

* PA 1941, No 370 (MCLA § 38.401 [Stat Ann 1961 Rev § 5.1191 (1)]), established a civil service system for the County of Wayne.

ployer and that the civil service commission is the exclusive body to represent the County of Wayne and all bodies within the county in matters dealing with terms and conditions of employment, salaries and wages of all employees of this governmental unit in the classified service. On the other hand, defendant Board of Wayne County Road Commissioners avers that it is the employer of its own employees.

The Board of Wayne County Supervisors takes a slightly different tack and maintains that the County of Wayne is composed of joint employers and the board of supervisors is the branch of government within the county upon whom the duties and responsibilities arising under PA 1965, No 379, are imposed.

We note that this whole action comes to us as a by-product of the passage of PA 1965, No 379, *supra*. After a careful examination of the pertinent provisions of this act, nowhere within it is the term "public employer" defined. This oversight is the crux of the problem with which we are faced. Nowhere within the statutory confines of "P.E.R.A." can be found any standards to aid in this determination.

In reviewing the dissenting opinion entered in this cause, we find the general characteristics of identification of an employer are: (1) that they select and engage the employee; (2) that they pay the wages; (3) that they have the power of dismissal; (4) that they have the power and control over the employee's conduct (35 Am Jur, Master and Servant, § 3, p 445). A most significant requisite of one who is an employer is his right to exercise control over the method by which the employee carries out his work. Hence, before we can reach a proper conclusion to this controversy it is neces-

sary to determine what authority and power each of the parties to this litigation have with regard to the employment relationship.

The powers of the Wayne County Civil Service Commission are set forth in PA 1941, No 370 (MCLA § 38.409 [Stat Ann 1961 Rev § 5.1191(9)]). Thus, the civil service commission has authority to:

"[P]rovide by regulation for the hours and conditions of service, for the length and period of vacations, and for the regulation of sick leaves in the county service, and for such other matters pertaining to the carrying out of the provisions of this act."

Its powers are more specifically delineated in MCLA § 38.412 (Stat Ann 1969 Cum Supp § 5.1191[12]) which states:

"(a) It shall classify all the offices and positions of employment with reference to the examinations herein provided for, excepting as herein otherwise provided;

"(b) Shall from time to time make, in accordance with the provisions hereof, rules adopted to carry out the purposes of this act and not inconsistent with its provisions for the examination and selection of persons to fill the offices and positions in the classified service, which are required to be filled by appointment, and for the selection of persons to be employed in the service of the county;

"(c) Shall supervise the administration of the civil service rules, hold examinations thereunder from time to time, giving notice thereof, prepare and keep an eligible list of persons passing such examinations and certify the names of persons thereon to the appointing officers of the several departments;

"(d) Shall, by itself or otherwise, investigate the enforcement of the provisions of this act, of its own

rules and of the action of appointees in the classified service. In the course of such investigation, the commission or its authorized representative, shall have the power to administer oaths, and the commission shall have power by its subpoena, to secure both the attendance and testimony of witnesses and the production of books and papers relevant to such investigation;

"(e) Shall provide, through the purchasing department of the county, all needed supplies for the use of the commission.

"(f) The classification shall be subdivided into groups and shall be based upon, and graded according to the duties and responsibilities of such positions, and shall be so arranged as to permit the filling of the higher grades through promotion. All salaries shall be uniform for like service in each grade of the classified service as the same shall be classified and standardized by the commission. *Such classification and standardization of salaries shall not be final until approved by the board of supervisors and such salaries shall not be paid except in accordance with such classification and standardization;*

"(g) Shall have such other powers and perform such other duties as may be necessary to carry out the provisions hereof."

As can readily be seen from an examination of the aforementioned powers and duties, the civil service commission is clothed with some of the characteristics of an employer. However, while the plaintiff must classify positions and submit uniform pay plans for standardizing salaries, it does not have exclusive control over classification and standardization of salaries, for this must be approved by the board of supervisors.

The Wayne County Board of Supervisors has a duty to represent the county and to have "care and

management of the property and business of the county in all cases where no provisions have been otherwise made." (MCLA § 46.11 [Stat Ann 1969 Cum Supp § 5.331]). The board of supervisors must also approve all decisions made by the county civil service commission. Hence, it is clear that the responsibility for final approval of all contract salary provisions lies with the supervisors.

It appears from the foregoing that the board of supervisors does not hold all of the identifying characteristics of an employer and must function in conjunction with the civil service commission and the particular appointing authority.

The Wayne County Road Commission is also a creature of statute, with specific duties and functions. (MCLA § 224.9 [Stat Ann 1958 Rev § 9.109]). The specific intent of the legislature in granting the commission authority over certain employer activities can be found in MCLA 1969 Cum Supp § 224.10 (a) (Stat Ann 1969 Cum Supp § 9.110[1]), the pertinent language states:

"(1) The board of county road commissioners may participate in the cost of, or provide life, health and accident, and hospitalization insurance for, employees under its jurisdiction and their dependents in any county where the board of supervisors has not made such benefits available to the employees pursuant to the provisions of § 12a of Act No 156 of the Public Acts of 1851, as amended, being § 46.12a of the Compiled Laws of 1948.

\* \* \*

"(5) *Nothing in this section shall prohibit or restrict a board of county road commissioners who have prior to January 1, 1968 entered into a collective bargaining agreement from participating in a pension or insurance program for those of its em-*

*ployees who are. members of a collective bargaining*
*unit  *   *   *   ."* (Emphasis supplied.)

The parties have stipulated: the road commission has· the· power to hire, fire, demote, promote, discipline and ·pay its employees performing road work, subject to PA 1941, No 370, as amended, since its adoption. in 1942.

An examination of the statutes cited, *supra,* will indicate that although there is no specific language authorizing road commissions to bargain collectively with their employees, the language appears to indicate that the legislature so intended.  The case of *Labor Mediation Board* v. *Jackson County Road Commissioners* (1962), 365 Mich 645, indicates that a board of road commissioners is regarded as a public employer, and hence should be permitted to bargain collectively with its employees under the specific terms of P.E.R.A.

In view of the above analysis of the obligations and powers of the parties to the present litigation, it is apparent that there exists no single agency in Wayne county which has the exclusive right or responsibility. to represent the county in all matters pertinent to the process of collective bargaining.

In its majority opinion, the trial court ruled that provisions of PA 1941, No 370, which were inconsistent with PA 1965, No 379, were repealed by implication.  We ·disagree with this position, as both statutes· are capable of being reconciled.  PA 1965, No 379, has changed the field of public employment only to the extent that the employees may now join a union and bargain collectively with employers. Since Act. No 379 does not specifically define the word "employer," bargaining must be carried out within the framework of the law already in existence.  From an examination of both statutes, it seems fair to say that PA 1965, No 379 did not

undertake to change the character of the employer or transfer any duties, but gave the representative of the employees the right to deal with the particular employer as he found him. Therefore, the statutory enactments dividing up the prerequisites and functions among several county agencies will have to be recognized.

While this is not the simplest solution to the difficult problem with which we are faced, and though it may even tend to confuse and complicate the area of collective bargaining within Wayne County, it is the only plausible solution under the confines of the present statutory law. Our holding is most adequately explained by the dissenting opinion which states in part:

"The courts are without authority to bring their concept of judicial order out of what the litigants feel is legislative chaos, unless, of course, the statute is unconstitutional. Nor is it the prerogative of the courts to simplify the procedure by ignoring statutes, no matter how numerous or difficult."

We therefore reverse the decision of the lower court and adopt in full the answer in the dissenting opinion to the questions posed in the prayer of the original complaint, which is as follows:

"I. Plaintiff performs some of the functions of the public employer, but certainly not all; that plaintiff's contention that the civil service commission is the only body empowered to negotiate with public employee unions on matters set out in § 11 of Act 379 is unsupported by law; that the "public employer" is the County of Wayne and that plaintiff, the board of supervisors, the county road commission and other agencies of the county are empowered by law to, and therefore must, perform those functions delegated to them in dealing with

public employees and their conditions of employment;

"II. The public employer is the County of Wayne and its functions as an employer are carried out by various entities, such as the board of supervisors, the civil service commission and, to a lesser extent, the Wayne County Road Commission and other appointing authorities.

"III. The board of supervisors—in carrying out its statutory function (MCLA § 46.11 [Stat Ann 1969 Cum Supp § 5.331]) of having the "care and management of the property and business of the county in all cases *where no other provisions shall be made*" (emphasis supplied) has the right and responsibility to carry out the requirements of Act 379 as to determining adequate bargaining units and the recognition of exclusive agents of employees and may utilize a vehicle such as the labor relations board to investigate and recommend appropriate action to the board of supervisors.

"IV. There is no single body or individual in county government who has the right or responsibility, exclusively, to represent the county in matters dealing with the establishment of salaries, wages, terms and conditions of employment of employees in the classified service.

"V. Act 379 has not terminated or modified the power and authority of the civil service commission under Act 370, except that as the repository of some of the powers of the employer, they as well as others holding such powers, have the duty to bargain in good faith, etc.

"VI. Neither the board of supervisors nor the Wayne County Road Commission has the authority to delegate to the labor relations board the duties and responsibilities of the civil service commission under Act 370."

Reversed. No costs, a public question.

T. M. Burns, J., concurred.

LEVIN, J., (*concurring*).   I am in almost complete agreement with my colleagues.   It has not been demonstrated that the objectives and language of Act 379[1] (public employee collective bargaining) cannot be reconciled with the objectives and language of Act 370[2] (merit system of civil service).

This case comes to us upon appeal from a declaratory judgment; the relevant facts have not been fully developed.

Although the record is incomplete, it is apparent that the road commission has the authority to hire,[3] promote and dismiss road commission employees and to control the method by which they perform their work;[4] and, as stated in the opinion of the

---

[1] PA 1965, No 379 (MCLA § 423.201 *et seq.* [Stat Ann 1968 Rev § 17.455(1) *et seq.*]).

[2] PA 1941, No 370 (MCLA § 38.401 *et seq.* [Stat Ann 1961 Rev § 5.1191(1), *et seq.*]).

[3] While the civil service commission classifies positions and holds competitive examinations and keeps lists of eligible persons, it does not actually hire employees.   This is done by the operating unit or department of county government.

[4] *Cf. Labor Mediation Board* v. *Jackson County Road Commissioners* (1962), 365 Mich 645.   See, also, PA 1968, No 211 (MCLA 1969 Cum Supp § 224.10a [Stat Ann 1969 Cum Supp § 9.110(1)]).

It was stipulated between the parties in this action that "1. Prior to Act 370, the road commission had the power to hire, fire, promote, dismiss, discipline and pay its employees under the jurisdiction of the road fund without the approval of any other county agency;

"2. It was originally agreed between the civil service commission, the road commission and the board of supervisors, that the original pay plan as adopted by the civil service commission established under Act 370 of 1941, would be submitted to the board of supervisors and the road commission for their respective approval, and all amendments have likewise been approved by all parties;

"3. The road commission has the power to hire, fire, demote, promote, discipline and pay its employees performing road work, subject to Act 370 of 1941, as amended, since its adoption in 1942;

"4. The road commission is the appropriating body for road commission employees performing road work and it makes its payroll and withholds income taxes, health and accident insurance, life insurance, and pays such to the various agencies, companies, subject to Act 370 of 1941, as amended, since its adoption in 1942;

"5. The road commission, the civil service commission and the board of supervisors, agree on the regulations governing the salary plan."

court, these are generally regarded as critical indicia of an employer-employee relationship. Undoubtedly, there are other major units of county government like the road commission which exercise employer functions.

The board of supervisors is willing to undertake the employer's negotiating responsibility as to all county employees.[5] The road commission is willing to assume that responsibility as to road commission employees. Although the position of the board of supervisors has fluctuated during the course of this litigation, the board at one time in this litigation recognized that the true employer of road commission employees is the road commission.

The principal issues to be negotiated in labor-management collective bargaining are usually economic, and even so-called noneconomic issues are generally tinged with an economic cost to the employer and an economic value to the employee. The civil service commission simply does not have the power to authorize the disbursement of county or road commission funds, nor does it have the responsibility of running the units of county government where civil service employees work. Understandably, those who have those powers and responsibilities think that it is their duty to undertake the public employer's collective bargaining respon-

---

Clearly the "agreements" referred to in the foregoing stipulation, entered into by the civil service and road commissions and the board of supervisors after the passage of Act 370, are now to be regarded at the most as some evidence of the correct construction of the statutes under which they operate; such agreements do not supersede the governing statutes.

[5] The Board of Supervisors of Wayne county is statutorily empowered "to prescribe and fix the salaries and compensation of all employees * * * where not fixed by law"; additionally, it has "the care and management of the property and business of the county in all cases where no other provisions shall be made." MCLA § 46.11 (Stat Ann 1969 Cum Supp § 5.331). See, also, Const 1963, Art 7, § 9.

sibility. The employing unit is bound to be more conversant than the civil service commission with the day-to-day problems that must be resolved to maintain a productive employment relationship. Meaningful collective bargaining cannot occur unless there is a unity of responsibility and authority at the employer end of the bargaining table.[6]

True, the Wayne County Civil Service Commission has the power under Act 370 to "provide by regulation for the hours and conditions of service, for the length and period of vacations, and for the regulation of sick leaves,"[7] and to classify and standardize positions and salaries in the county civil service.[8] The superimposition of such regulations does not, however, eliminate the employer-employee relationship existent between the employing unit and its employees, nor does it change the essence of that relationship. The employing unit remains the employer, albeit an employer with an obligation to conform to the lawful regulations of the civil service commission regarding matters within its "regulatory" control.

The provisions of Act 370 (merit system of civil service) are to be construed in the light of its declared purpose:

"The purpose of this act is to guarantee to all citizens a fair and equal opportunity for public service; to establish conditions of service which will attract officers and employees of character and capacity, and to increase the efficiency of the county governmental departments, commissions, boards and

---

[6] Under § 13 of Act 379 (MCLA § 423.213 [Stat Ann 1968 Rev § 17.455(13)]) the State Labor Mediation Board determines the unit of employees appropriate for the purposes of collective bargaining.

[7] Section 9 of PA 1941, No 370 (MCLA § 38.409 [Stat Ann 1961 Rev § 5.1191(9)]).

[8] Section 12 of PA 1941, No 370 (MCLA § 38.412 [Stat Ann 1969 Cum Supp § 5.1191(12)]).

agencies, by the improvement of methods of personnel administration."[9]

The civil service commission's regulatory power concerning hours, conditions of service, vacations and sick leaves and its power to classify and standardize positions and salaries, which are required to be "uniform for like service in each grade,"[10] enables the commission to harmonize disparities between like positions. A civil service career is, thereby, made more attractive and more competitive with private employment opportunities.

The power of the civil service commission to classify and standardize positions and salaries does not, however, confer upon the commission the authority to fix or limit salaries;[11] nor does the power to "provide by regulation" as to hours and conditions of service, vacations, and sick leaves give the commission authority to require hours and conditions of service and vacation and sick leave benefits less liberal than those which a major unit of county government having the hiring, supervisory, disciplinary and budgetary responsibility is willing to provide.

---

[9] MCLA § 38.401 (Stat Ann 1961 Rev § 5.1191(1)).

[10] Section 12 of PA 1941, No 370 (MCLA § 38.412 [Stat Ann 1969 Cum Supp § 5.1191(12)]).

[11] In *Bischoff* v. *County of Wayne* (1948), 320 Mich 376, 392, 393, the plaintiff, Bischoff, was chief deputy circuit court clerk of Wayne County and executive secretary of the Wayne County Road Commission. The principal issue was whether he should be classified executive II or clerk IV. There was an additional issue arising from the road commission's recommendation that it pay Bischoff $1,200 a year for his part-time services. This was $200 more than the amount ($1,000) which the civil service commission thought proper; the civil service commission's determination was sustained by the Supreme Court. The language of the Court, which described the commission's action as "fixing plaintiff's classification or his compensation," was entirely appropriate on the facts there presented of a single part-time employee. This opinion of the Court need not be read as recognizing in the civil service commission the power to prevent general increases in compensation or benefits which a major unit of county government, like the road commission, is willing to provide.

If a contract that has or shall be negotiated is deemed by the civil service commission to conflict with the merit system objectives of Act 370 and the exercise by the civil service commission of its powers,[12] then a far clearer issue will be posed for judicial consideration than the somewhat nebulous question we are being asked to resolve in this declaratory judgment action.

To the extent that the Wayne County Labor Relations Board constitutes a vehicle through which all concerned units, departments and agencies of county government may meet with employee representatives, it may be a useful *ad hoc* device to implement and reconcile the purposes and objectives of

---

[12] In one of its briefs the civil service commission recognizes that its rules and regulations and its official salary plan could be conformed to collective bargaining agreements that may be negotiated. While this was said in support of the civil service commission's claim that it can negotiate as the employer of all county civil service employees, no reason appears why the rules and regulations and official salary plan could not be conformed to collective bargaining agreements negotiated by the board of supervisors or the road commission or other units of county government provided the provisions of such agreements are consistent with the objectives of a merit system of civil service.

That the commission recognizes an obligation to accommodate its practices to the requirements of meaningful collective bargaining appears from the following statement in one of its briefs:

"The requirement of uniform salaries does not specify that they shall be uniform throughout the County service. Certainly, this would be desirable, and has been practiced by the commission in order to be fair to all employees no matter in which department employed. But, there is no restriction that such uniformity cannot be maintained *within* the appropriate bargaining units. It is clearly *within* the power of the commission to maintain such uniformity to the extent that it is possible *between* bargaining units, and the fact that it is so obligated by law, will strongly tend to keep some uniformity for all county employees." (Emphasis by the civil service commission.)

Similarly, the grievance procedure set out in § 16 of PA 1941, No 370 (MCLA § 38.416 [Stat Ann 1961 Rev § 5.1191(16)]), under which a civil service employee may appeal to the civil service commission an order of removal, suspension or reduction, is not necessarily in conflict with—it may appear to be merely supplementary of—any negotiated grievance procedure.

Constructively approached by all parties, the task of reconciling and implementing the objectives of both acts may very well be achieved.

the two acts. In this connection, it should be borne in mind that Wayne is the only county with county-wide civil service; no doubt the legislature intended that civil service employees of this most populous county should enjoy the same right to meaningful collective bargaining as do other public employees.[13]

I am in agreement with my colleagues that, to the extent it may have been sought by the creation of the Wayne County Labor Relations Board to supersede the functions of the civil service commission or the road commission or the board of supervisors, it would violate the statutes which confer upon them their respective powers and responsibilities.

---

[13] PA 1941, No 370, as amended, applies only in counties having a population of 1,000,000 or more. MCLA § 38.402 (Stat Ann 1961 Rev § 5.1191[2]).