PEOPLE *v.* SEELEY

1. COURTS—JURISDICTION—CRIMINAL LAW—COMMON PLEAS COURT.
    The Common Pleas Court of Detroit did not have jurisdiction
    to conduct a preliminary examination of a defendant, arrested
    on a circuit court grand-juror warrant, issued because of the
    defendant's failure to file an election expense report required
    by state law, since the Recorder's Court, by statute, has original
    and exclusive jurisdiction of all criminal prosecutions and pro-
    ceedings relating to offenses committed within the city limits
    of Detroit.

2. COURTS—JURISDICTION—CRIMINAL LAW—RECORDER'S COURT—WAR-
    RANT—VALIDITY.
    An arrest warrant issued by a circuit court grand juror was valid
    even though it arrived in the Recorder's Court of Detroit
    through the Common Pleas Court, which does not have juris-
    diction of criminal offenses committed within the city limits;
    therefore, the Recorder's Court, having jurisdiction of the of-
    fense charged, since the offense was committed in Detroit, was
    required to dispose of the warrant as though it had arrived
    directly from the circuit court clerk, *i. e.,* by conducting a pre-
    liminary examination of the accused to determine whether there
    was probable cause to believe that he had violated a state
    election law requiring candidates for public office to file an
    election expense report.

Appeal from Recorder's Court of Detroit, Vin-
cent J. Brennan, Robert J. Colombo and Donald

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 91.
[2] 20 Am Jur 2d, Courts § 93.

S. Leonard, JJ. Submitted Division 1 March 11,
1970, at Detroit. (Docket No. 7,010.) Decided June
23, 1970. Leave to appeal granted September 22,
1970. 384 Mich 752.

Ronald C. Seeley was charged with failure to file
an election report. Information quashed. The peo-
ple appeal by leave granted. Remanded for further
proceedings.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Irving B. Feld-
man* and *Bernard Rosner,* Assistant Attorneys Gen-
eral, for the people.

*Louisell & Barris* (*Neil Howard Fink,* of counsel),
for defendant.

Before: T. M. Burns, P. J., and Holbrook and
Bronson, JJ.

Holbrook, J. The only question involved in this
case is whether the Common Pleas Court of the City
of Detroit has jurisdiction to conduct a preliminary
examination when the criminal offense charged is
one not cognizable by a justice of the peace in the
year 1967, and where the offense is alleged to have
been committed in the City of Detroit.

Defendant, at the time a resident of the City of
Detroit, was charged with violation of the Michigan
election law, for failure to file an election report,
contrary to CLS 1961, § 168.906 (Stat Ann 1970 Cum
Supp § 6.1906), punishable as provided in CLS 1961,
§ 168.920 (Stat Ann 1956 Rev § 6.1920). On July
31, 1967, the circuit court grand juror found prob-
able cause to issue a warrant under MCLA §§ 767.3,
767.4 (Stat Ann 1970 Cum Supp §§ 28.943, 28.944),

ordering that defendant be arrested and brought
before the Common Pleas Court for the City of De-
troit for further proceedings. Following defend-
ant's arrest on August 1, 1967, he was arraigned
on the warrant in common pleas court and, at that
time, demanded a preliminary examination which
was therein commenced on September 6, 1967. The
judge of the common pleas court, finding that there
was no probable cause to believe that a crime was
committed or that defendant committed the same,
dismissed the warrant and cancelled defendant's
bond on December 11, 1967.

On December 18, 1967, the people filed, with the
Wayne County Circuit Court, a complaint for su-
perintending control, requesting that the common
pleas court be directed to vacate its order of Decem-
ber 11, 1967, and that an order issue reinstating the
warrant and binding defendant over for trial. The
circuit court, on February 15, 1968, on the basis of
oral arguments and briefs submitted, issued an or-
der stating that it had jurisdiction to entertain the
people's complaint for superintending control; that
a crime not cognizable by a justice of the peace had
been committed; and that there was probable cause
to believe defendant committed the same. The order
directed that defendant be bound over for arraign-
ment and trial as charged in the complaint and war-
rant. The common pleas court complied with the
order and defendant was bound over to the Record-
er's Court for the City of Detroit.

On February 27, 1968, the people filed, in the re-
corder's court, an information charging the original
offense. Defendant was arraigned in the recorder's
court on the information and, following a pre-trial
hearing on March 21, 1968, defendant filed a motion
to quash the information. The motion was argued
on April 19, 1968, at which time a panel of three

recorder's court judges, sitting *en banc,* convened
"to make a determination as to the law in this mat-
ter". On December 30, 1968, the recorder's court
panel issued a written opinion ruling that the war-
rant was improperly directed to the court of com-
mon pleas because that court has no jurisdiction to
conduct a preliminary examination where the offense
is committed in the City of Detroit.

This Court granted the people's application for
leave to appeal. The people maintain that the court
of common pleas (successor to the justice of the
peace courts, MCLA § 728.1 [Stat Ann 1970 Cum
Supp § 27.3651]) had jurisdiction to conduct the
preliminary examination in the instant case, rely-
ing primarily upon the code of criminal procedure,
PA 1927, No 175, CL 1948, § 760.1 *et seq.* (Stat Ann
1954 Rev § 28.841 *et seq.*) which, they contend, re-
duced the jurisdiction of the recorder's court by
making it concurrent with that of justices of the
peace in the county in certain criminal matters.

The code of criminal procedure provides that jus-
tices of the peace are magistrates, CL 1948, §§ 761.1,
764.1 (Stat Ann 1954 Rev §§ 28.843, 28.860); that
in cases involving offenses not cognizable by a jus-
tice committed within the county, magistrates are
empowered to issue a warrant for the accused's ar-
rest, the accused then being brought before such
magistrate to be dealt with according to law, CL
1948, § 766.3 (Stat Ann 1954 Rev § 28.921); and
justices of the peace were empowered to perform all
official acts and duties and to exercise jurisdiction
in criminal matters arising in their county pursuant
to CL 1948, § 762.2 (Stat Ann 1954 Rev § 28.845).
The people further contend that an amendment to
the code of criminal procedure in 1942 affected the
jurisdictions of both the court of common pleas and

the Detroit recorder's court. That amendment, being PA 1941, No 264, states:

"In any city having more than 1 justice of the peace, or other judicial officer having the criminal jurisdiction of a justice of the peace, whenever a warrant shall be issued for the arrest of any person charged with any offense against the laws of the state, * * * any justice or other judicial officer of said city shall have jurisdiction to arraign, set bail, adjourn, try, take testimony in, conduct a preliminary examination, dismiss, hold for trial in circuit court, and to do any act or acts in connection with the trial and disposition of any such case brought before any such justices of the peace: Provided, however, That this shall apply only to the court or courts of justices of the peace in cities where said justices are paid a salary in lieu of fees." CL 1948, § 774.47 (Stat Ann 1954 Rev § 28.1237[2]).

The people cite the case of *Kates* v. *Reading* (1931), 254 Mich 158, for the proposition that the various laws promulgated by the legislature have frequently enlarged the jurisdiction of one court while diminishing the jurisdiction of another court without the necessity of any further legislation, and argue that the common pleas court, as successor to the justice of the peace courts in the City of Detroit, has power under the general laws, to hold certain proceedings, such as an examination, for a crime not cognizable by a justice of the peace, provided the crime is committed within the county.

The jurisdiction of the Detroit recorder's court is specifically set forth in § 11 of the recorder's court act, Local Acts 1883, No 326, and provides as follows:

*"The said recorder's court shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this state, for crimes, misdemeanors, and offenses arising under*

*the laws of this state, and committed within the corporate limits of the city of Detroit, except in cases cognizable by the police court of the city of Detroit, or by the justices of the peace of said city;* and shall have power to issue all lawful writs and process, and to do all lawful acts which may be necessary and proper to carry into complete effect the powers and jurisdiction given by this act, and especially to issue all writs and process, and to do all acts which the circuit courts of this state within their respective jurisdictions, may, in like cases, issue and do by the laws of this state: *Provided, That this section shall not be construed to prevent the grand jury for the county of Wayne from inquiring into and presenting indictments, as heretofore, for crimes and offenses committed within the limits of said city."* (Emphasis supplied.)    CL 1948, § 726.11 (Stat Ann 1962 Rev § 27.3561).

The foregoing section is subject to § 12 of the act which gives to Wayne County circuit court the power to issue indictments,* and which provides as follows:

*"All indictments for offenses committed within the limits of the city of Detroit, which may be found and presented to the circuit court for the county of Wayne,* by the grand jury of said county, *shall be forthwith certified* and transmitted by the clerk of said circuit court *to said recorder's court, and thereupon said recorder's court shall have as full and complete jurisdiction of said indictments as if the same had been originally presented to said recorder's court, and shall have full power to take all further proceedings thereon."*    (Emphasis supplied.) CL 1948, § 726.12 (Stat Ann 1962 Rev § 27.3562).

In the case of *People* v. *Ewald* (1942), 302 Mich 31, the Supreme Court construed §§ 11 and 12 of

---

* "The word 'indictment' includes information, presentment, complaint, warrant and any other formal written accusation." CL 1948, § 761.1 (Stat Ann 1954 Rev § 28.843).

the recorder's court act and stated at pp 36, 39 and
40:

"It is urged by the prosecuting attorney that pro-
ceedings for 'discovery' of crime in the Wayne coun-
ty circuit court do not come within the grant of ex-
clusive jurisdiction to the recorder's court of 'prose-
cutions and proceedings' for crimes committed in
the city of Detroit; that the statutes relating to the
recorder's court provide that such court is to be
governed by general law 'so far as the same may
apply'.

* * *

"The proceedings for the discovery of crime are
not 'prosecutions and proceedings    *   *   *   for
crimes' within the meaning of the recorder's court
jurisdiction statute.  The circuit judge conducting
the investigation had the authority to cause appre-
hension of defendant by proper process under the
general code of criminal procedure.

* * *

"Under 3 Comp Laws 1929, § 16301 (Stat Ann
§ 27.3562),   *   *   *   [i]t is our conclusion that *the
exclusiveness of jurisdiction of the recorder's court
does not extend to the initiatory step in the institu-
tion of proceedings, but merely to matters subse-
quent thereto connected with bringing an offender
to trial;* and that the process was properly return-
able to the recorder's court for the city of Detroit."
(Emphasis supplied.)

Also, see, *People* v. *Robinson* (1943), 306 Mich 167.

It is the rule of statutory construction that where
we have a general statute and a special statute per-
taining to the same subject matter, the special stat-
ute takes precedence over the general statute.  In
22 Callaghan's Michigan Civil Jurisprudence, Stat-
utes, § 132, pp 494, 495, it is stated:

"* * * where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other is general, and would, if standing alone, include the same matter and thus conflict with the special act or provision, the special act must be taken as intended to constitute an exception to the general act or provision, * * * as the legislature is not to be presumed to have intended conflict."

In *Mayor of Port Huron* v. *City Treasurer of Port Huron* (1950), 328 Mich 99, 112, it is stated:

" 'An act will not be construed to repeal or modify earlier legislation, if, giving such effect to the act, an apparent purpose would appear to disturb an established system of written law, covering a vital field in our system of government.' 25 RCL, p 919.

" 'The principle that the law does not favor repeals by implication is of especial application in the case of an important public statute of long standing, which should be shown to be repealed either expressly, or by a strong and necessary implication.' 25 RCL, p 920. * * *

" ' "When a general intention is expressed, and also a particular intention which is incompatible with the general one, the particular intention shall be considered an exception to the general one." 1 Lewis' Sutherland, Statutory Construction, p 532, § 275.' "

See also, 82 CJS, Statutes, § 369, pp 839–845.

We therefore rule, on the basis of the recorder's court act, as it has been interpreted in the *Ewald* case, *supra,* that the Common Pleas Court for the City of Detroit did not have jurisdiction to conduct a preliminary examination in this criminal case. We further rule that the warrant issued by the circuit court grand juror was a valid warrant, is still alive, and, although arriving in the Recorder's Court

for the City of Detroit by a circuitous route through the common pleas court, rather than directly from the clerk of the circuit court, it should be disposed of as provided by law, *i.e.*, a preliminary examination should be held in recorder's court, along with such further proceedings as may be required. Other issues raised on this appeal are not necessary to be determined in view of our decision herein.

Remanded for further proceedings not inconsistent with this opinion.

All concurred.