WAYNE COUNTY CIVIL SERVICE COMMISSION
*v.* BOARD OF SUPERVISORS

1. STATUTES—INTERPRETATION—LEGISLATIVE INTENT.

In the ascertainment of legislative intent when there is no evidentiary or other reasonably authoritative guide to pertinent meaning or purpose of the legislature in enacting a statute, judges are not to determine what the legislature did mean on a point which was present to its mind, but to guess what it would have intended on a point not present to its mind, if the point had been presented.

2. STATUTES—CONFLICTING STATUTES—LEGISLATIVE THOUGHT—LABOR RELATIONS—STRIKES BY PUBLIC EMPLOYEES—COUNTIES—CIVIL SERVICE.

There is no hint in the new title of an act, previously known as the Hutchinson Act of 1947, or, for that matter, in any of the sections of that act, of legislative thought that the prohibition of strikes by public employees, effected by legislatively authorized collective bargaining and administratively enforced mediation, might conflict in whole or in part with the authority vested, by statute, in an established county civil service commission (MCLA §§ 38.401 *et seq.*, 423.201 *et seq.*).

3. LABOR RELATIONS—COUNTIES—CIVIL SERVICE COMMISSION—BARGAINING AGENT.

The Wayne County Civil Service Commission is not the exclusive bargaining agent for all employees of the County of Wayne, subject only "to concurrence of the board of supervisors on salaries and wages," and it is not entitled to a judicial declaration that collective bargaining shall be conducted by the Civil

REFERENCES FOR POINTS IN HEADNOTES

[1–13] 48 Am Jur 2d, Labor and Labor Relations § 1191 *et seq.*
Union organization and activities of public employees.   31 ALR2d 1142.

Service Commission for all county employees in accordance with the requirements of the county civil service act (MCLA § 38.401 *et seq.*).

4. STATUTES—LABOR RELATIONS—PUBLIC EMPLOYEES—COUNTIES—COLLECTIVE BARGAINING.

The act prohibiting strikes by public employees and providing collective bargaining, negotiation, and enforced mediation of labor disputes arising out of public employment coming within the scope of the act, to the extent that it places rates of pay, hours of work and other conditions of employment of public employees, including employees of Wayne County, into the area of collective bargaining supersedes *pro tanto* those provisions or parts of the county civil service act dealing with the same subject matters (MCLA §§ 38.401 *et seq.*, 423.201 *et seq.*).

5. COUNTIES—CIVIL SERVICE COMMISSION—PUBLIC EMPLOYER—PUBLIC EMPLOYEE.

Upon adoption by Wayne County of the county civil service act of 1941, there came into being a Wayne County Civil Service Commission, the authority of which in important if not exclusive part extended to control of the relation of public employer and public employee within the county (PA 1941, No 370).

6. STATUTES—CONFLICTING STATUTES—LABOR RELATIONS—COUNTIES—CIVIL SERVICE COMMISSION—STRIKES BY PUBLIC EMPLOYEES—COLLECTIVE BARGAINING.

Statute establishing a county civil service commission and statute prohibiting strikes by public employees and providing collective bargaining, negotiation, and enforced mediation of labor disputes arising out of public employment coming within the scope of the act cannot be harmonized, as *in pari materia* or otherwise (MCLA §§ 38.401 *et seq.*, 423.201 *et seq.*).

7. STATUTES—REPEALS BY IMPLICATION—REPUGNANT STATUTES—SUBSTITUTED STATUTE.

Repeals of statutes by implication are not favored and it is only when the two measures in view are so incompatible that both or all cannot fully stand that the rule is applied that the latter act operates to the extent of the repugnancy, as a repeal of the first, or, if the two acts are not in express terms repugnant, yet if the latter covers the whole subject of the first, and contains new provisions showing that it was intended as a substitute, it will operate as a repeal.

8. Statutes—Repugnant Statutes—Partial Repeal—Labor Rela-
   tions—Strikes by Public Employees—Counties—Civil Service
   Commission.

   The act prohibiting strikes by public employees and providing
   collective bargaining, negotiation, and enforced mediation of
   labor disputes arising out of public employment coming within
   the scope of the act operates, *to the extent of the repugnancy*,
   as a partial repeal of the act providing for a county civil
   service commission (MCLA §§ 38.401 *et seq.*, 423.201 *et seq.*).

9. Counties — Civil Service Commission — Labor Relations —
   Strikes by Public Employees — Collective Bargaining — Labor
   Disputes — Public Employment.

   The purposed thrust of an act, that of prohibiting strikes by
   public employees and providing collective bargaining, negotia-
   tion, and enforced mediation of labor disputes arising out of
   public employment coming within the scope of the act, must
   be implemented and administered exclusively as provided
   therein; hence, the original authority and duty of the Wayne
   County Civil Service Commission was diminished *pro tanto*,
   by that act, to the extent of free administration of the latter
   according to its tenor (MCLA § 423.201 *et seq.*).

10. Constitutional Law—Counties—Road Commissioners.

    The Constitution of 1908 authorized legislative setting up of
    boards of county road commissioners, "with such powers and
    duties as may be prescribed by law", and so did the Consti-
    tution of 1963 (Const 1908, art 8, § 26; Const 1963, art 7,
    § 16).

11. Counties—Road Commission—Public Employer—Labor Rela-
    tions—Strikes by Public Employees.

    The Wayne County Road Commission is the "public employer"
    of its employees, within the act prohibiting strikes by public
    employees and providing collective bargaining, negotiation, and
    enforced mediation of labor disputes arising out of public
    employment coming within the scope of the act, and it alone
    is the duty-bound employer particularly within the meaning
    and purpose of that act (MCLA § 423.201 *et seq.*).

12. Counties — Civil Service Commission — Labor Relations —
    Strikes by Public Employees.

    The Wayne County Civil Service Commission has no lawful part
    in the administration, directly or indirectly, of the act prohib-
    iting strikes by public employees and providing collective
    bargaining, negotiation, and enforced mediation of labor dis-

putes arising out of public employment coming within the scope of that act (MCLA § 423.201 *et seq.*).

13. COUNTIES—ROAD COMMISSION—EMPLOYEES—LABOR RELATIONS—
STRIKES BY PUBLIC EMPLOYEES.

The Wayne County Road Commission and its employees have an independent status under the act prohibiting strikes by public employees and providing for collective bargaining, negotiation, and enforced mediation of labor disputes arising out of public employment coming within the scope of the act (MCLA § 423-.201 *et seq.*).

Appeal from Court of Appeals, Division 1, Fitzgerald, P. J., and Levin and T. M. Burns, JJ., reversing Wayne, Joseph A. Sullivan, Joseph G. Rashid, and Neal Fitzgerald, JJ. Submitted February 3, 1971. (No. 27 January Term 1971, Docket No. 52,774.) Decided March 1, 1971.

22 Mich App 287 reversed in part.

Complaint by Wayne County Civil Service Commission against Wayne County Board of Supervisors, Wayne County Labor Relations Board, and Wayne County Board of Road Commissioners for a declaratory judgment for determination of the collective bargaining rights of the parties. Judgment declaring Wayne County the employer of county employees and that the Wayne County Board of Supervisors had the power to act for the employer in establishing rates of pay, terms, and conditions of employment for those employed. Plaintiff appealed to the Court of Appeals. Defendant Wayne County Board of Supervisors cross-appealed. Reversed. Defendants Wayne County Board of Supervisors and Wayne County Labor Relations Board appeal. Reversed in part and remanded for further proceedings.

*Thomas V. Lo Cicero,* for plaintiff.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchy* and *David R. Kaplan,* Assistant Prosecuting Attorneys, for defendants Wayne County Board of Supervisors and Wayne County Labor Relations Board.

*John P. Cushman, Daniel Horgan, Jr., Clayton M. Foor, Robert Murphy,* and *Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid,* for defendant Wayne County Board of Road Commissioners.

Per Curiam.   Two admittedly conflicting statutes compete in litigious depth for jurisdiction over the process of collective bargaining by Wayne County employees with their employer (or employers).   As two courts already have come to know in painful and dissentient succession (see *Wayne County Civil Service Commission* v. *Wayne County Board of Supervisors* [1970], 22 Mich App 287), the competition presents that most difficult of all appellate problems; the ascertainment of legislative intent when there is no evidentiary or other reasonably authoritative guide to pertinent meaning or purpose of the legislators.   For such difficulty Cardozo has provided our first and most dependable range light (The Nature of the Judicial Process, pp 14, 15, published 1921):

"Interpretation is often spoken of as if it were nothing but the search and the discovery of a meaning which, however obscure and latent, had none the less a real and ascertainable pre-existence in the legislator's mind.   The process is, indeed, that at times, but it is often something more.   The ascertainment of intention may be the least of a judge's troubles in ascribing meaning to a statute.

'The fact is,' says Gray in his lectures on the 'Nature and Sources of the Law,' 'that the difficulties of so-called interpretation arise when the legislature has had no meaning at all; when the question which is raised on the statute never occurred to it; when what the judges have to do is, not to determine what the legislature did mean on a point which was present to its mind, *but to guess what it would have intended on a point not present to its mind, if the point had been present.*"[1] (Emphasis presently supplied.)

The first of these competing statutes (PA 1941, No 370 [MCLA § 38.401 *et seq.;* Stat Ann 1961 Rev § 5.1191(1) *et seq.*]), stated and now states expressly its purpose. Section 1 thereof reads, in full:

"Section 1. Civil service act; purpose. The purpose of this act is to guarantee to all citizens a fair and equal opportunity for public service; to establish conditions of service which will attract officers and employees of character and capacity, and to increase the efficiency of the county governmental departments, commissions, boards and agencies, by the improvement of methods of personnel administration."

The second of these statutes (PA 1965, No 379 [MCLA § 423.201 *et seq.*; Stat Ann 1968 Rev § 17.455(1) *et seq.*]), correspondingly stated and now states the legislative purpose; this time by a redesigned title of that which previously was known as the Hutchinson Act of 1947 (No 336). The new title:

"An act to prohibit strikes by certain public employees; to provide review from disciplinary action

---

[1] We employed this precept, unanimously and to due advantage in *Husted* v. *Consumers Power Company* (1965) 376 Mich 41, 53; doing so under this textual preface: "True, the legislative assembly may not have foreseen today's specific question and so may have had no specific intent with regard thereto."

with respect thereto; to provide for the mediation of grievances and the holding of elections; to declare and protect the rights and privileges of public employees; and to prescribe means of enforcement and penalties for the violation of the provisions of this act."

(We insert here a significant farse. It is that there is no hint in this new title or, for that matter, in any of the sections of the act of 1965, of legislative thought that the prohibition of strikes by public employees, effected by legislatively authorized collective bargaining and administratively enforced mediation, might conflict in whole or in part with the authority vested, by the act of 1941, in an established county civil service commission. Thus the issue of 1965 legislative intent, vis-a-vis the act of 1941, was deposited in Wayne County as a first class vexer.)

A majority of three judges of the circuit court concluded that "the employer of all county employees is the County of Wayne and that the Board of Supervisors is the legally constituted body authorized to act for and on behalf of the county as the public employer." As for the status of the defendant Wayne County Board of Road Commissioners and its employees, the same majority ruled "that the Wayne County Road Commission is *not* an employer separate and distinct from the County of Wayne, *and that the public employer is the County of Wayne,* acting through and by the Board of Supervisors."

On application for rehearing the majority stood by its first ruling after having noted that, as against the "complex and apparently contradictory statutes that have been adopted," it would be better to hurry on its way the inevitable appeal "in the public inter-

est." The opinion on rehearing concluded, appropriately by this bullet pass of the male deer:

"The slightest modification at this time would unduly prolong and delay conclusive and complete decision by the High Court. This would hopefully put to rest once and forever the turbulence so clearly existent within the county and between county agencies. Should such a decision fail in this respect, it is for the legislature to act promptly and with dispatch."

On appeal a majority of the assigned panel of the Court of Appeals ruled that plaintiff Wayne County Civil Service Commission is possessed of statutory power to classify positions in the county employment service and to submit uniform pay plans for the standardization of salaries; but does not have exclusive control over such classification and standardization, since all such must be approved by the county board of supervisors. To its reasoning the panel, having finally made a judgment, added this declaration of heartfelt relief (p 299):

"While this is not the simplest solution to the difficult problem with which we are faced, and though it may even tend to confuse and complicate the area of collective bargaining within Wayne County, it is the only plausible solution under the confines of the present statutory law."

This Court granted leave (383 Mich 782) to settle if possible what was regularly termed below a "chaos of legislation."

The plaintiff Civil Service Commission contends that Act 370 has made it the exclusive bargaining agent for all employees of the County of Wayne, subject only "to concurrence of the board of supervisors on salaries and wages," and that it is entitled to a judicial declaration that "collective bargaining

shall be conducted by the Civil Service Commission for all County employees and in accordance with the requirements of Act 370."

The defendant County Board of Supervisors, searching the involved statutes in somewhat greater depth, contends that:

"3. Act 379, to the extent that it places rates of pay, hours of work and other conditions of employment of public employees, including employees of Wayne County, into the area of collective bargaining supersedes *pro tanto* those provisions or parts of Act 370 dealing with the same subject matters."

Finally, the defendant Wayne County Board of Road Commissioners, depending in part upon a separate constitutional provision and statute, contends that it is the "public employer" of its own employees for the purposes of Act 379.

Having arrayed these contentions for scrutiny, our ensuing views doubtless will be understood better by an outset declaration of specific decision. We disagree with the stated position of the plaintiff Civil Service Commission. We agree with what in our view is the generally dispositive contention of the defendant Wayne County Board of Supervisors, and we agree finally with the stated position of the defendant Wayne County Board of Road Commissioners.

*First:* To read the act of 1941, carefully in conjunction with the act of 1965, is to understand the judicial difficulty. The earlier act was conceived and enacted immediately after the people had adopted the civil service amendment of 1940, effective January 1, 1941 for state employment (Const 1908, art 6, § 22). Designed as that act was for adoption by counties having a *population of 300,000 or more,* the measure strove in applicable terms to

provide the same rights for employees of such counties, and the same betterment of public service in such counties, as the people had just approved hopefully with respect to the state service. In neither instance could collective bargaining by public employees have been in the minds of the people, or of the legislators. The thought of strikes by public employees was unheard of. The right of collective bargaining, applicable at the time to private employment, was then in comparative infancy and portended no suggestion that it ever might enter the realm of *public* employment.[2]

However, the act of 1941 brought within its purpose fully inclusive as well as exclusive purview "all positions not specifically included by this act in the unclassified service." (§ 10[b].) Then, by § 27, headed "Scope," it provided that *all* of its declared aims should apply to the employees of *all* boards, commissions and departments of each statute-adopting county. So, upon adoption of the act by Wayne County, there came into being a Wayne County Civil Service Commission, the authority of which is important if not exclusive part extended to control of the relation of public employer and public employee within the county.

The view taken here of these separate statutes is that they cannot be harmonized, as in *pari materia* or otherwise. The attempts and counterattempts made below do prove that premise. In the course of our review of the act of 1965, the conviction grows that it did not occur to the legislators that the manifestly well thought out provisions of the act would both encroach upon and impair, to some extent, the previously assigned authority and duty of a civil service commission operating under

---

[2] This is the right way to look at the act of 1941; in the light of 1941 circumstances. See *Husted, supra,* at 54.

the act of 1941, and that serious trouble might arise on account of that fact.

The drafting and enacting legislature of 1965, as with this equally mortal Court on occasion when it endorses an opinion of public moment, did not foresee what since has come to pass. It did not include that needed exclusory clause or proviso, as Judge FITZGERALD noted (22 Mich App 287, 294), and therefore left no specific evidence of intent either way. In the words of Cardozo, we are left to *guess* what the 1965 legislature would have done had the point come to attention, and our *guess* is that it would have advised all established county civil service commissions as we now do by today's judgment.

This is not to say that the act of 1965 repeals outright the act of 1941. Respecting as always our long since declared and regularly maintained rule that repeals by implication are not favored, and that it is only when the two measures in view are so incompatible that both or all cannot fully stand, we can only find that this is a striking instance for application of that rule which, back in 1877, was written into the Court's opinion of *Breitung* v. *Lindauer* (1877), 37 Mich 217, 233:

"The rule is that the latter act operates *to the extent of the repugnancy,* as a repeal of the first, or, if the two acts are not in express terms repugnant, yet if the latter *covers the whole subject of the first,* and contains new provisions showing that it was intended as a substitute, it will operate as a repeal."[3]

Note the emphasis supplied by the writer of *Breitung;* Justice MARSTON for himself and Justices

---

[3] For quotation and application of this passage, and for a review of the Michigan authorities handed down since *Breitung*, see Justice FELLOWS' opinion for the Court of *People* v. *Marxhausen*, (1919), 204 Mich 559, 576, 577.

COOLEY, CAMPBELL and GRAVES. We stress it anew
and hold that the act of 1965 operates, *"to the extent
of the repugnancy,"* as a partial repeal of the act
of 1941; but no more than that. In short shrift
this means that the purposed thrust of the act of
1965, that of prohibiting strikes by public employees
and providing collective bargaining, negotiation and
enforced mediation of labor disputes arising out of
public employment coming within the scope of the
act, must be implemented and administered exclu-
sively as provided therein. Hence, the original
authority and duty of the plaintiff civil service
commission was diminished *pro tanto,* by the act of
1965, to the extent of free administration of the
latter according to its tenor.

*Second:* Thus far, in the course of this litigation,
the status under the act of 1965 of specific divisions
or classes of Wayne County employees has not been
pleaded or considered. There is one exception. It
was decided in circuit this way:

"It is our conclusion, therefore, that the Wayne
county road commission is not an employer separate
and distinct from the county of Wayne, and that the
public employer is the county of Wayne, acting
through and by the board of supervisors."

This ruling was reversed by Division 1, 22 Mich
App 297, 298. Our reasons for agreeing with Divi-
sion 1 are much the same as were written there by
Presiding Judge FITZGERALD.

While not alone of controlling force, it is of
piquant moment to recall that the quoted determina-
tion in circuit was filed March 12, 1968, and that
within 104 days thereafter an apparently galvanized
legislature added two new subsections to § 10a of
chapter IV of the county road law (MCLA § 224.10a
[Stat Ann 1970 Cum Supp § 9.110(1)]) and pro-

vided immediate effect thereof.   The first of these subsections (5) communicates an extra measure of legislative purpose in near double compound.   It proceeds:

"(5) Nothing in this section shall prohibit or restrict a board of county road commissioners who have prior to January 1, 1968 entered into a collective bargaining agreement from participating in a pension or insurance program for those of its employees who are members of a collective bargaining unit, as determined pursuant to section 13 of Act No 336 of the Public Acts of 1947, as added, being section 423.213 of the Compiled Laws of 1948, which complies with and is established under the then existing requirements of section 302(c) of the national labor relations act, as amended, 29 USC 186(c), and the applicable provisions of the internal revenue code, notwithstanding the failure of such pension or insurance program to (a) provide benefits in the form of endowment policies or annuities, (b) provide benefits within the dollar limitations of this section, (c) provide benefits in accordance with the conditions of eligibility of this section, (d) provide for vesting of benefits before the employee commences retirement, or (e) provide for coverage of employees outside the bargaining unit covered by such collective bargaining agreement."

The Constitution of 1908 authorized legislative setting up of boards of county road commissioners, "with such powers and duties as may be prescribed by law" (art 8, § 26).   So did the Constitution of 1963 (art 7, § 16).

From as far back as PA 1909, No 283, § 10 of the county road law has authorized each board of county road commissioners to "employ" its necessary "servants and laborers."   The section leaves no doubt of original and present intent that each board of county road commissioners shall be the employer of

its employees, and that such employees shall be employees of that same board.

Such are our reasons for previously declared agreement with the defendant road commission that it is, within the act of 1965, the "public employer" of its employees and that it alone is the duty-bound employer particularly within the meaning and purpose of § 15 of the act of 1965.

To summarize and restrict:

1. Our instant rulings are limited to:

(a) Determination that the plaintiff Civil Service Commission has no lawful part in the administration, directly or indirectly, of the act of 1965, and

(b) Determination of the independent status under the act of 1965 of the county road commission and its employees.

2. This action was instituted under GCR 1963, 521, to obtain a declaratory judgment.[4] It seems to have been tried summarily, without testimony and upon the pleadings and stipulations of the parties. Necessarily the main and probably controlling question, considered in division "First" above, was the focal point of inquiry. Excepting as found above, the particular status if any of other divisions or classes of county employees, under the act of 1965, was *not* considered and now is *not* determined.

3. Further litigation may indeed be necessary to settle the status of other such divisions or classes. Whatever the fact in that regard, it is believed that our central holding above will permit the presently warring agencies of Wayne County government to proceed more comfortably with their respectively assigned legislative functions.

---

[4] For a comprehensive understanding of the relief sought, see the appendix hereof.

Reversed in part and remanded for further proceedings consistent with the foregoing declaratory views. No costs.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.

## *APPENDIX*

(Prayer of plaintiff Civil Service Commission's complaint for declaratory relief.)

"I. Under the provisions of 1965 PA 379, who is the 'public employer' required to recognize unions as exclusive representatives of employees in the service of the county of Wayne?

"II. Is there more than one 'public employer' in the county government and, if so, who are they?

"III. Which body of the county government has the right and responsibility to carry out the requirements of Act 379 as to determining adequate bargaining units and the recognition of exclusive agents of employees?

"IV. Which body of the county government has the right and responsibility to represent the county in matters dealing with the establishment of salaries, wages, terms and conditions of employment of employees in the classified service?

"V. Has Act 379 terminated or otherwise modified the power and authority of the civil service commission under Act 370?

"VI. Does the board of supervisors and/or the road commission have the authority to delegate to the county labor relations board the duties and responsibilities of the civil service commission under Act 370?"