LOCKE v MACOMB COUNTY

1. SHERIFFS AND CONSTABLES—DEPUTY SHERIFF—REMOVAL—CIVIL SERVICE SYSTEM—STATUTES.

The statutory provision that a sheriff may only remove a deputy sheriff for cause and after the deputy receives a written statement of charges within 90 days of the violation supersedes the statute allowing a sheriff complete discretion in the removal of a deputy upon the adoption of a civil service system by the county (MCLA 51.70, 51.351 *et seq.*).

2. SHERIFFS AND CONSTABLES—DEPUTY SHERIFF—SUSPENSION—NOTICE.

A letter given by a sheriff to a deputy sheriff, informing the deputy that he was suspended until further notice pending the outcome of charges for which the deputy had been ar-

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Sheriffs, Police, and Constables §§ 16, 19.
[2, 3] 43 Am Jur, Public Officers § 211 *et seq.*
[4] 15 Am Jur 2d, Civil Service §§ 28, 38, 41.

rested, clearly implied that upon determination of his guilt the matter of his punishment would be appropriately treated and that if he were determined to be not guilty he would be reinstated with pay for the period of suspension.

3. SHERIFFS AND CONSTABLES—DEPUTY SHERIFF—SUSPENSION—NOTICE—STATUTES.

A deputy sheriff was entitled to reinstatement upon acquittal of charges against him where he received notice of his suspension pending the outcome of the charges, whether or not notice was given to the county Civil Service Commission of the suspension, because (1) assuming that notice was given to the Commission, there was nothing for the plaintiff to protest, he accepted the terms of the suspension, and upon his acquittal he was entitled to reinstatement or (2) assuming that notice was not given, the statutory provision that "all charges shall be void unless filed within 90 days of the date of the violation" became effective (MCLA 51.362).

4. SHERIFFS AND CONSTABLES—CIVIL SERVICE—DISCIPLINE—STATUTES.

The statute providing for establishment of civil service for sheriff's departments and for disciplinary proceedings against covered employees expressly provides for answer and hearing only if the discipline contemplated be removal or reduction in pay, but to give meaning to its purpose it must be read to apply to any discipline so that when a covered employee is sought to be disciplined he is entitled to notice, and may answer the charges and demand a hearing before the Civil Service Commission, and if he fails to answer within five days and ask for a hearing, he will be deemed to have acquiesced in the discipline contained in the notice (MCLA 51.362).

Appeal from Court of Appeals, Division 2, Bronson, P. J., and R. B. Burns and Hoff, JJ., reversing and remanding Macomb, Alton H. Noe, J. Submitted March 9, 1972. (No. 8 March Term 1972, Docket No. 53,351.) Decided July 18, 1972.

31 Mich App 22 affirmed.

Complaint by James D. Locke against Macomb County and Lester A. Almstadt, Macomb County

Sheriff, for a writ of mandamus to compel defendants to reinstate the plaintiff as a deputy sheriff and damages. Summary judgment for defendants. Plaintiff appealed to the Court of Appeals. Reversed and remanded. Defendants appeal. Affirmed.

*Hatchett, Brown, Waterman & Campbell,* for plaintiff.

*Ray W. McPeters,* for defendants.

T. G. KAVANAGH, J. In 1955, plaintiff was appointed deputy sheriff of Macomb County and he served in that position until September 11, 1968 when he was suspended.

At the time of his suspension he received the following letter from the sheriff:

"As of September 11, 1968, you are hereby suspended until further notice, pending the outcome of the charges for which you were arrested on this date."

The "charges for which you were arrested on this date" refer to the sheriff's complaint of the crime of falsifying a police report. At trial in district court in January 1969 the plaintiff was found not guilty of that crime.

Following his acquittal, plaintiff applied for reinstatement which defendant sheriff refused.

Thereafter, plaintiff sought reinstatement through the Civil Service Commission. The Commission declined jurisdiction however, advising plaintiff on May 13, 1969 "The procedures as outlined in the Statute, relative to this matter, apparently have not been followed in so far as our records are con-

cerned at the present time," and again on November 5, 1969: " * * * Sgt. Locke was informed of the charges on September 11, 1968, by the Sheriff in writing. At no time since then has Sgt. Locke ever answered these charges. Until he answers them and requests a hearing, no action could be taken by the Commission, and the time within which to make his answer has long since expired."

Plaintiff thereupon brought the instant suit against the "County of Macomb, Lester A. Almstadt, Sheriff of Macomb County, and Lester A. Almstadt, Individually, jointly and severally, Defendants."

In addition to his petition for a Writ of Mandamus, plaintiff demanded money damages and asked for a jury.

Both defendants answered, in effect asserting that defendant sheriff had the discretion to discharge plaintiff, and claiming that mandamus would therefore not lie.

The trial court at a show-cause hearing concluded that plaintiff had failed to establish any right to be enforced by a writ of mandamus, and concluded that under that circumstance he had failed to state a cause of action or claim on which the relief of money damages could be granted and accordingly gave a summary judgment for the defendants.

The plaintiff filed a motion for new trial and demanded findings of fact upon which the court based its judgment. The trial court obliged and, in denying the motion for new trial, found (among other things):

"The applicable statutes to which references are made are first, 51.362 MCL 1948 [MSA 5.1191(112)], the so-called Civil Service Act. The Act plainly requires the sheriff to notify the Civil Service Commission of the discharge in writing. This was done.

It further gives the petitioner five days in which to file answers to the charges made against him. This, the petitioner did not do. Petitioner did not demand a public hearing under the Statute. There was nothing requiring the Commission to hold a hearing and none was had.

"The Act specifically sets forth a right to immediate appeal on certiorari to the Circuit Court. No other remedy is provided—only certiorari, which provides for a hearing on the original record only 'and no additional proof shall be permitted to be introduced.' By his own dereliction, the petitioner has deprived himself of the only remedy available to him.

"Having thus failed to avail himself of his remedy, he is subject to the provisions of 51.70 MCL 1948 [MSA 5.863], under which the sheriff make [*sic*] appointment of his deputies. This section of the statute also provides that the sheriff may 'revoke such appointments at any time'. The appointments being at his pleasure, such deputy sheriffs are subject to discharge at any time. It was within the Sheriff's power to discharge a deputy at any time, the protection of the Civil Service Act having been abandoned by the petitioner."

The Court of Appeals reversed and remanded for relief "consistent with this opinion" which held that the trial court erred in holding that removal of deputy sheriffs by a sheriff is completely discretionary.

The Court observed that legal duties do exist and that they are clear. That MCLA 51.70; MSA 5.863 must be construed in light of MCLA 51.351; MSA 5.1191(101), and that such later statute precluded the sheriff from removing the deputy except for cause and after the deputy receives a written statement of charges within 90 days of the violation.

We agree with the Court of Appeals that the provisions of MCLA 51.351 *et seq.;* MSA 5.1191(101) *et seq.* superseded MCLA 51.70; MSA 5.863 upon the adoption of a civil service system under its provisions, but since its opinion dealt only with removal of a deputy sheriff, we think it necessary to consider other disciplinary action and define the rights and obligations of the parties under the act.

As noted, the notice of September 11, 1968 was not a notice of discharge or removal but rather of a suspension for a specified period. The clear implication of the notice was that upon determination of plaintiff's guilt of the charges therein referred to, the matter of his discharge or removal or other punishment would be appropriately treated. An equally clear implication is that if plaintiff be determined to be not guilty of those charges he would be reinstated with pay for the period of suspension.

The plaintiff's rights and duties under MCLA 51.362; MSA 5.1191(112) in this circumstance are not expressly stated. That section reads in pertinent part:

"Sec. 12. The tenure of everyone holding an office, place, position or employment under the provisions of this act shall be only during good behavior and efficient service; and any such person may be removed or discharged, suspended without pay, or deprived of vacation privileges or other special privileges by the appointing officer for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment to the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any acts of misfeasance, malfeasance or nonfeasance in office. No member of any department within the terms of this act shall be removed, discharged, re-

duced in rank or pay or suspended, or otherwise punished, except for cause, and in no event until he shall have been furnished with a written statement of the charges and the reasons for such actions. All charges shall be void unless filed within 90 days of the date of the violation. In every case of charges having been made, a copy of the statement of reasons therefor and the answer thereto, if the person sought to be removed desires to file such written answer, shall be furnished to the civil service commission and entered upon its records. The answer shall be filed by the member within 5 days after service of the charges upon him. If the person sought to be removed or reduced shall demand it, the civil service commission shall grant him a public hearing, which hearing shall be held within a period of 10 days from the filing of the charges in writing and a written answer thereto. Pending the period between the making of the charges as a basis for removal and the decision thereon by the commission, the member shall remain in office, but shall be suspended from duty without pay. At the hearing the burden shall be upon the person sought to be removed to prove that the removal is not justified. If the civil service commission shall determine that the action of the removing officer was not justified, then the person sought to be removed shall be reinstated with full pay for the entire period during which he may have been prevented from performing his usual employment, and no charges shall be officially recorded against his record. A written record of all testimony taken at such hearings shall be kept and preserved by the civil service commission, which record shall be sealed and not be available for public inspection, if no appeal is taken from the action of the commission. If the civil service commission sustains the action of the removing officer the person removed shall have an immediate right of appeal on certiorari to the circuit court of the county. The

appeal shall be taken within 90 days from the entry by the civil service commission of its final order. Upon such an appeal being taken and docketed with the clerk of the circuit court, the circuit court shall proceed to hear the appeal upon the original record taken therein and no additional proof shall be permitted to be introduced. The circuit court's decision shall be final, saving to the employee, however, the right to petition the supreme court for a review of the court's decision. The removing officer and the person sought to be removed at all times both before the civil service commission and upon appeal, may employ counsel to represent either of them before the civil service commission and upon appeal."

It is clear from the record in this case that the only notice plaintiff received was the one given him on September 11, 1968 quoted *supra*. A copy of this notice may or may not have been given to the Civil Service Commission. This fact was disputed in the argument before the circuit judge, and although the judge found as a matter of fact that it had been given to the Commission, we are unable to find any evidence in the record to support it. In this case, however that fact is not decisive.

Assuming that notice was sent to the Commission there was nothing for the plaintiff to protest. Since he accepted the terms of the suspension, he was, under those terms, entitled to reinstatement with pay for the period of suspension when he was acquitted of the charges.

If we assume that the notice was not sent to the Commission, the statutory provision that "[a]ll charges shall be void unless filed within 90 days of the date of the violation" would be effective.

In either event the plaintiff would be entitled to reinstatement.

We note that the statute expressly provides for answer and hearing only if the discipline contemplated be removal or reduction in pay.

In order to give meaning to the purpose of the statute, however, we read it so as to apply to any discipline and hold that whenever a covered employee is sought to be disciplined he is entitled to notice, and he may answer the charges and demand a hearing before the Commission. If he fails to answer within five days and ask for a hearing, he will be deemed to have acquiesced in the discipline contained in the notice.

In this cause the plaintiff is entitled to the writ for which he prayed. The matter is accordingly remanded to the circuit court for the issuance of the writ and appropriate disposition of the other matters asserted in the complaint.

Costs to plaintiff.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, SWAINSON, and WILLIAMS, JJ., concurred with T. G. KAVANAGH, J.