BOISSONNEAULT v FLINT CITY COUNCIL

BOISSONNEAULT v MASON

1. MUNICIPAL CORPORATIONS—HOME-RULE CITIES—PUBLIC MEETINGS—STATUTES.

The public may not be barred from a city council meeting of a home-rule city (MCLA 117.3[*l*]).

2. MUNICIPAL CORPORATIONS—STATUTES—HOME-RULE CITIES—PUBLIC MEETINGS.

The section of the home-rule-cities act which provides that sessions of the legislative body shall be public takes precedence over the general act defining public meetings because a specific act takes precedence over a general act (MCLA 117.3[*l*]).

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 November 15, 1972, at Lansing. (Docket No. 14047.) Decided November 28, 1972. Leave to appeal granted, 389 Mich 790.

Complaint by Glenn A. Boissonneault and Booth Newspapers, Inc., against Carl Mason and other Flint city councilmen to enjoin defendants from barring the public from a council meeting where business of the city is conducted or discussed. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Jerome F. O'Rourke,* for plaintiffs.

*Patrick H. Hynes,* City Attorney, and *Herbert W. Hutchins,* Assistant City Attorney, for defendants.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 161.

Before: QUINN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

QUINN, P. J. Plaintiffs brought this action against the members of Flint city council to enjoin the conduct of any council meeting where business of the city is conducted or discussed when the public is barred from the meeting. The action was submitted to the trial court for decision on these stipulated facts:

"Flint city councilmen have met in city hall at the request of the city manager on several occasions at which meetings the public was excluded. Subjects of discussion generally effect [sic] overall policy and on occasion, may involve items which may require legislative action at a later date."

The judgment below contains the following:

"Members of the council of the City of Flint are hereby ordered to conduct public meetings, at which the plaintiffs herein, and the general public, are not to be denied admittance, when the said defendants, their successors in office, vote on or discuss any ordinance, resolution, motion or take other official action proposed by or to the council dealing with the receipt, borrowing, or disbursement of funds or the acquisition, use or disposal of services or of any supplies, materials, equipment or other property, or the fixing of personal or property rights, privileges, immunities, duties, or obligation of any person or group of persons."

Flint is a home rule city. With respect to council meetings, § 12 of its charter provides:

" * * * and all meetings shall be public."

This is in compliance with the statutory mandatory charter requirements of home rule cities. MCLA 117.3(*1*); MSA 5.2073(*1*) provides:

"That all sessions of the legislative body and all records of the municipality shall be public."

Plaintiffs argue that the foregoing statutory and charter provisions sustain the judgment of the trial judge. We agree. Defendants' reliance on MCLA 15.251; MSA 4.1800(1) is misplaced. The latter is a general act. MCLA 117.3(*1*), *supra,* is part of a specific act dealing with home rule cities and it takes precedence over the general act, *People v Seeley,* 24 Mich App 539 (1970).

The judgment appealed from is authorized by GCR 1963, 521.6.

The other issues raised are insubstantial and we decline to comment on them.

Affirmed but without costs, a public question being involved.

All concurred.