CYRUS v CALHOUN COUNTY SHERIFF

Docket No. 77-4514. Submitted May 3, 1978, at Grand Rapids.—Decided August 22, 1978.

Carletta P. Cyrus and Michael S. Wallerick were Calhoun County deputy sheriffs. While still probationary employees, they were discharged allegedly as a result of a polygraph examination. After their discharge they sought mandamus in the circuit court. The application for mandamus was denied, Calhoun Circuit Court, Creighton R. Coleman, J. The plaintiffs appeal. *Held:*

1. The circuit court was correct in denying mandamus because the plaintiffs have failed to prove that they had no adequate legal remedies under their collective bargaining agreement.

2. The discharge of the employees was improper as it was in violation of the statute which prohibits the discharge of an employee based on the results of a polygraph test.

Affirmed in part, reversed in part.

Bashara, J., concurred in part and dissented in part. He would hold that the statute which gives a sheriff the authority to hire and fire deputies at any time is an exception to the statute which forbids the discharge because of polygraph test results.

OPINION OF THE COURT

1. MANDAMUS—ADEQUATE LEGAL REMEDY.

The lack of an adequate legal remedy is a necessity before a writ of mandamus may issue.

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Mandamus § 46 *et seq.*

[2] 52 Am Jur 2d, Mandamus §§ 310, 311, 338, 490 *et seq.*

[3–6] 73 Am Jur 2d, Statutes § 257.

[4] 76 Am Jur 2d, Unemployment Compensation § 55.

[5] 73 Am Jur 2d, Statutes § 392 *et seq.*

Constitutional requirement that repealing or amending statutes refer to statute repealed or amended, to repeal or amend by implication. 5 ALR2d 1270.

2. MANDAMUS—ABUSE OF DISCRETION—APPEAL AND ERROR.

> The Court of Appeals should not interfere with a trial court's refusal to issue a writ of mandamus absent a clear abuse of discretion.

3. STATUTES—STATUTORY CONSTRUCTION—SPECIFIC STATUTES—GENERAL STATUTE—PROCEDURE.

> It is an established rule of statutory construction that a specific statute takes precedence over a general one and is viewed as an exception thereto.

4. STATUTES—SPECIFIC STATUTES—GENERAL STATUTES—EMPLOYERS—POLYGRAPH TESTS—DISCHARGE OF EMPLOYEES—SHERIFFS.

> A specific statute which forbids the discharge of an employee solely because of an alleged or actual opinion that the employee did not tell the truth during a polygraph examination is an exception to a general statute which allows a sheriff to hire and fire deputies at will; the polygraph statute prohibits the use of a specific means of terminating employment and thus precludes employers in one particular way from practicing the general rule of terminating employment at will (MCL 51.70, 338.1726[2]; MSA 5.863, 18.186[26][2]).

5. STATUTES—CONFLICTING STATUTES—REPEAL OF STATUTES—REPEAL BY IMPLICATION.

> A later statute will repeal an earlier one to the extent that the two are repugnant, although repeal of an act by implication is not favored.

PARTIAL CONCURRENCE, PARTIAL DISSENT BY BASHARA, J.

6. STATUTES—SPECIFIC STATUTES—GENERAL STATUTES—SHERIFFS—DISCHARGE OF EMPLOYEES—POLYGRAPH TESTS—EMPLOYERS.

> *The specific statute which gives a sheriff the power to hire and fire deputies at will takes precedence over the more general statute which prohibits the dismissal of an employee solely because of an alleged or actual opinion that the employee did not tell the truth during a polygraph examination; the "polygraph" statute cannot limit a sheriff's ability to dismiss his deputies (MCL 51.70, 338.1726[2]; MSA 5.863, 18.186[26][2]).*

*Hankins, Kluck & Robillard, P. C.* (by *Thomas A. Carlson),* for plaintiffs.

Calhoun County Prosecutor's Office (by *Roger L. Caswell,* Chief, Civil Division), for defendant.

Before: D. E. HOLBROOK, JR., P. J., and BASHARA and R. M. MAHER, JJ.

R. M. MAHER, J. Plaintiffs appeal from a decision of the circuit court denying their application for mandamus. The plaintiffs were dismissed from their positions as Calhoun County deputy sheriffs. Their complaint alleged that they were discharged as a result of a polygraph examination in violation of MCL 338.1726(2); MSA 18.186(26)(2).

Plaintiffs claim that they had no enforceable right to challenge their discharges, as they were probationary employees. They reason that under the collective bargaining agreement, the union would not process grievances of probationary employees.

Although the collective bargaining agreement was not presented for our view, we accept plaintiffs' interpretation of it. However, we are equally convinced that the trial judge was correct in denying the application for mandamus. Plaintiffs have failed to prove that they had no adequate legal remedies under the contract. The fact that union representatives might not pursue any rights available does not nullify plaintiffs' right to proceed against the employer for an alleged improper dismissal.

The lack of an adequate legal remedy is a necessity before a writ of mandamus may issue, *Clarke v Hill,* 132 Mich 434; 93 NW 1044 (1903). Furthermore, precedent mandates that this Court not interfere with the trial court's refusal to issue a writ of mandamus, absent a clear abuse of discretion. *Kortering v Muskegon,* 41 Mich App 153; 199 NW2d 660 (1972).

In affirming the trial court's denial of the application for a writ of mandamus, we must speak to the remaining issue raised by the trial court and

the litigants. Does the so-called "polygraph statute" limit a sheriff's ability to dismiss his deputies? The resolution involves two statutes which are in apparent conflict. MCL 338.1726(2); MSA 18. 186(26)(2) provides:

"An employer or agent shall not discharge an employee solely because of an alleged or actual opinion that the employee did not tell the truth during a polygraph examination, lie detector test, or similar test."

On the other hand, MCL 51.70; MSA 5.863 states in part:

"Each sheriff may appoint 1 or more deputy sheriffs at his pleasure, and may revoke such appointments at any time."

We believe the "polygraph statute" does limit a sheriff's power to dismiss his deputies.

It is an established rule of statutory construction that a specific statute takes precedence over a general one and is viewed as an exception thereto. See *People v Seeley,* 24 Mich App 539; 180 NW2d 333 (1970), in which this Court quoted with approval from 22 Callaghan's Michigan Civil Jurisprudence, Statutes, § 132, pp 494–495:

"[W]here there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other is general, and would, if standing alone, include the same matter and thus conflict with the special act or provision, the special act must be taken as intended to constitute an exception to the general act or provision, * * * as the legislature is not presumed to have intended conflict."

While it is a close question, we view the poly-

graph statute, MCL 338.1726(2); MSA 18.186(26)(2), as the specific statute and an exception to the general statute concerning a sheriff's power to hire and fire deputies, MCL 51.70; MSA 5.863. The latter statute is an expression of a general rule that employment contracts are terminable at will; the statute makes the rule applicable to sheriffs and their deputies. The polygraph statute prohibits the use of a specific means of terminating employment. It thus precludes employers in one particular way from practicing the general rule of terminating employment at will. The polygraph statute is an exception to the general rule; the sheriff's statute applies the general rule.

We recognize that the office of sheriff is constitutionally created, but we do not deem that factor decisive. The power of the Legislature is also constitutionally created (see Const 1963, art 4, § 1) and through that power the Legislature has passed both statutes at issue in this case. The constitutional underpinning of one is no greater than that of the other.

Limiting the power of a sheriff to dismiss deputies is not without precedent. In *Locke v Macomb County,* 387 Mich 634; 199 NW2d 166 (1972), the Supreme Court affirmed a Court of Appeals ruling that the Civil Service statutes limited a sheriff's discretion in the hiring and firing of deputies. The rationale in *Locke* is applicable here. The Court in that case relied on the well-established rule that, although repeal of an act by implication is not favored, a later act will repeal an earlier act to the extent that the two are repugnant. *Breitung v Lindauer,* 37 Mich 217 (1877), *Jackson v Corrections Comm,* 313 Mich 352; 21 NW2d 159 (1946), *Wayne County Civil Service Comm v Board of Supervisors,* 384 Mich 363; 184 NW2d 201 (1971).

Using the *Locke* rationale, the statute empowering sheriffs to hire and fire deputies at will (which took effect in 1929) is repealed but only to the extent it is inconsistent with the later-enacted polygraph statute (which took effect in 1973). We must presume that the Legislature intended a *pro tanto* repeal, for the last expression of the legislative will must control. *Jackson v Corrections Comm, supra,* at 356. Prohibiting a sheriff from dismissing his deputies on the basis of the results of a polygraph test limits the sheriff's statutory power to hire and fire at will, but certainly does not nullify it completely. The power is diminished only insofar as the Legislature, expressing its will in the later-enacted polygraph statute, allows it to be.

Based on well-established rules of statutory construction, that a specific statute takes precedence over a general one and that a later statute repeals an earlier inconsistent one *pro tanto,* we hold that the polygraph statute does limit the sheriff's power to dismiss his deputies.

Affirmed in part, reversed in part.

D. E. Holbrook, Jr., P. J., concurred.

Bashara, J. *(concurring in part; dissenting in part).* While I agree with the majority that the trial court was correct in denying the application for mandamus, I cannot concur in its resolution of the remaining issue. I do not believe the "polygraph statute" can limit a sheriff's ability to dismiss his deputies.

As the majority states, it is an unquestioned principle of statutory construction that a specific statute takes precedence over a general one. In *Dossin's Food Products, Inc v State Tax Comm,*

360 Mich 312, 315; 103 NW2d 474 (1960), our Supreme Court stated:

"We shall apply the well recognized rule of statutory construction holding that the repeal of a specific statute by a general statute will not be implied or assumed."

In *Labor Mediation Board v Tuscola County Sheriff,* 25 Mich App 159; 181 NW2d 44 (1970), our Court found that the office of sheriff is constitutionally created, whereas the labor mediation act is purely statutory. See also *Brownstown Twp v Wayne County,* 68 Mich App 244; 242 NW2d 538 (1976), and Const 1963, art 7, § 4. I conclude that the specific statute takes precedence over the more general "polygraph" statute.

It is argued that *Local 1518, AFSCME v St Clair County Sheriff,* 77 Mich App 145; 258 NW2d 168 (1977), diminished the preexisting statutory authority of a sheriff over his employees where a collective bargaining agreement has been negotiated. However, as the concurring opinion in that case emphasizes, the sheriff's power is diminished only to the extent that he has voluntarily retracted it by personally entering into a collective bargaining agreement.

I therefore concur in the holding of the trial court that the specific language authorizing sheriffs to appoint deputies and to revoke such appointments at any time is controlling in this case.