ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION # 2

Docket No. 92949. Submitted October 7, 1987, at Lansing. Decided January 11, 1988. Leave to appeal denied, 431 Mich 856.

On December 6, 1982, Consumers Power Company filed with the Public Service Commission a gas cost recovery plan. The PSC held hearings from January 10, 1982, to March 15, 1983, to determine the reasonableness of the plan. On April 7, 1983, Consumers began unilaterally implementing its gas cost recovery plan because the PSC had not yet issued an order following its review. Such action is permitted under the Public Service Commission act as amended by 1982 PA 304, enacted by the Legislature and made effective October 13, 1982. On August 26, 1983, the PSC approved Consumers' gas cost recovery plan. The Attorney General and the Residential Ratepayers Consortium filed suit against the PSC in Ingham Circuit Court alleging that the amendment under which Consumers unilaterally implemented its gas cost recovery plan (§ 6h[9]) while awaiting the decision of the PSC was impliedly repealed by Proposal H, a legislative enactment approved by the voters at the November 2, 1982, general election, which provides that gas, telephone, or electric utility rates cannot be raised without a reasonable opportunity for a full and complete hearing. Plaintiffs argued that Consumers should not have been allowed to implement its gas cost recovery plan unilaterally before the PSC had completed its review and issued its order. Consumers Power Company intervened in the action. The court, James R. Giddings, J., found that Proposal H did not impliedly repeal § 6h(9) and dismissed the complaint. The Attorney General appealed.

The Court of Appeals *held:*

The trial court correctly found that § 6h(9) was not impliedly repealed by Proposal H. The two enactments are not in conflict.

Affirmed.

REFERENCES

Am Jur 2d, Public Utilities §§ 240-243, 264 *et seq.,* 321, 322.

See Index to Annotations under Gas Companies; Public Service Commissions; Utilities.

1. PUBLIC UTILITIES — GAS COST RECOVERY PLANS — PUBLIC SERVICE
   COMMISSION.

   A public utility which files with the Public Service Commission a
   gas cost recovery plan may unilaterally implement that plan
   while awaiting the decision of the commission if the commis-
   sion has not made a final or temporary order within three
   months of the submission of the plan or by the beginning of the
   period covered in the plan, whichever comes later; if the
   amount collected by the utility·under the plan is greater than
   the amount allowed by the commission's final order, the excess
   must be refunded (MCL 460.6h[9]); MSA 22.13[6h][9]).

2. PUBLIC UTILITIES — GAS COST RECOVERY PLANS — PUBLIC SERVICE
   COMMISSION — PROPOSAL H.

   Proposal H, a legislative enactment approved by the voters at the
   November 2, 1982, general election, which provides that gas,
   telephone, or electric utility rates cannot be raised without a
   reasonable opportunity for a full and complete hearing by the
   Public Service Commission, does not conflict with, and there-
   fore did not impliedly repeal, § 6h(9) of the public service
   commission act as amended by 1982 PA 304, effective October
   13, 1982, which allows a utility to unilaterally implement a gas
   cost recovery plan submitted for the approval of the Public
   Service Commission if the commission has not made a final or
   temporary order within three months of the submission of the
   plan or by the beginning of the period covered in the plan,
   whichever is later (MCL 460.6a[1] and [2], 460.6h[9]; MSA
   22.13[6a][1] and [2], 22.13[6h][9]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson* and *John C. Scherbarth,* Assistant Attorneys General, for the Attorney General.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Patricia S. Barone,* Assistant Attorneys General, for the Public Service Commission.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *George W. Loomis, Michael G. Oliva,* and *Ronald W. Bloomberg*), and *David A. Mikelonis, Allen B.· Bass,* and *Frank R. Knox,* for Consumers Power Company.

Before: Sullivan, P.J., and Hood and M. E. Clements,* JJ.

Per Curiam. The Attorney General appeals as of right from the May 13, 1986, order of the Ingham Circuit Court dismissing the Attorney General's complaint in which it was alleged that Proposal H, a legislative enactment approved by the voters at the November 2, 1982, general election, which amended MCL 460.6a(1) and (2); MSA 22.13(6a)(1) and (2), impliedly repealed § 6h(9) of 1939 PA 3, as amended by 1982 PA 304, being MCL 460.6h(9); MSA 22.13(6h)(9).

The present controversy arises out of the creation and implementation of a gas cost recovery (GCR) clause by defendant Public Service Commission for intervening defendant Consumers Power Company. The statutes involved are the statutes providing for the regulation of utility rates by the PSC, MCL 460.1 *et seq.*, MSA 22.13(1) *et seq.*

A brief history of the statute will help to clarify the issue. Pursuant to subsection 6h(2) of 1939 PA 3, as amended by 1982 PA 304, MCL 460.6h(2); MSA 22.13(6h)(2), upon a gas utility's application, the PSC may incorporate a GCR factor in the rate schedule of a gas utility, enabling the gas utility to pass on to its customers some of the cost of producing gas. The portion of the rate reflecting the gas cost is called the "GCR factor" and the adjustment clause to be placed in the rate schedule is called the "GCR clause." MCL 460.6h(1)(b) and (c); MSA 22.13(6h)(1)(b) and (c). Subsection 6h(3) provides that a utility requesting an adjustment must file a GCR plan with the PSC. Under subsection 6h(5), the PSC must then conduct a review to determine the reasonableness of the plan. Following this review, the PSC must approve, disapprove, or amend the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plan and issue an order accordingly, MCL 460.6h(6); MSA 22.13(6h)(6).

In July, 1982, the Legislature passed Proposal H, 1982 PA 212. This proposal was signed by the Governor on July 3, 1982, and was explicitly made subject to voter approval at the November 2, 1982, general election, pursuant to Const 1963, art 4, § 34. The voters approved Proposal H at the November 2 election. Proposal H amended MCL 460.6a(1) and (2); MSA 22.13(6a)(1) and (2) to provide that gas, telephone, or electric utility rates not be raised without a reasonable opportunity for a full and complete hearing. In the meantime, the Legislature amended 1939 PA 3 by 1982 PA 304, which amendment went into effect immediately on October 13, 1982. This amendment added various provisions to the law governing utility rate regulation. It is an alleged inconsistency between Proposal H and subsection 6h(9) of 1982 PA 304 which led to the instant case.

With this background in mind, we turn to the merits of this case. On December 6, 1982, Consumers filed with the PSC its GCR plan pursuant to MCL 460.6h(3); MSA 22.13(6h)(3). This subsection provides that a utility desiring to implement a GCR clause must file a complete GCR plan describing the sources and volumes of its gas supply and changes in the cost of gas anticipated over the next year and requesting a specific GCR factor. The PSC held hearings from January 10, 1983, to March 15, 1983. On April 7, 1983, Consumers began unilaterally implementing its GCR plan pursuant to MCL 460.6h(5) and (9); MSA 22.13(6h)(5) and (9), because the PSC had not yet issued an order following its review. The PSC finally approved Consumers' plan on August 26, 1983.

The Attorney General and the Residential Ratepayers Consortium filed suit in Ingham Circuit

Court, arguing that the amendments to subsections 6a(1) and (2), MCL 460.6a(1) and (2); MSA 22.13(6a)(1) and (2), approved by the voters on November 2, 1982, impliedly repealed subsection 6h(9), MCL 460.6h(9); MSA 22.13(6h)(9), enacted by the Legislature and made effective October 13, 1982, and that Consumers should not have been allowed to implement its GCR plan unilaterally before the PSC had completed its review and issued its order. Following a hearing, the trial court found that Proposal H did not impliedly repeal subsection 6h(9) and dismissed the complaint. The Attorney General appeals.

MCL 460.6a(1); MSA 22.13(6a)(1), as amended by Proposal H, enacted by the people on November 2, 1982, states in pertinent part:

> When any finding or order is sought by any gas, telephone or electric utility to increase its rates and charges or to alter, change or amend any rate or rate schedules, the effect of which will be to increase the cost of services to its customers, notice shall be given within the service area to be affected. When such utility shall have placed in evidence facts relied upon to support its petition or application to so increase its rates and charges, or to so alter, change or amend any rate or rate schedules, the commission, pending the submission of all proofs by any interested parties, may in its discretion and upon written motion by such utility make a finding and enter an order granting partial and immediate relief, after first having given notice to the interested parties within the service area to be affected in the manner ordered by the commission, *and after having afforded to such interested parties reasonable opportunity for a full and complete hearing:* Provided, That no such finding or order shall be authorized or approved ex parte, nor until the commission's technical staff has made an investigation and report: And provided further, That any alteration or amendment

in rates or rate schedules applied for by any public utility which will result in no increase in the cost of service to its customers may be authorized and approved without any notice or hearing. *There shall be no increase in rates based upon changes in cost of fuel or purchased gas unless notice has been given within the service area to be affected, and there has been an opportunity for a full and complete hearing on the cost of fuel or purchased gas.* [Emphasis added.]

MCL 460.6a(2); MSA 22.13(6a)(2), as amended by Proposal H, states in pertinent part:

The commission shall adopt such rules and procedures for the filing, investigation and hearing of petitions or applications to increase or decrease utility rates and charges as the commission finds necessary or appropriate to enable it to reach a final decision with respect to such petitions or applications within a period of 9 months from the filing thereof. *On and after the effective date of the amendatory act that added this sentence, the commission shall not have the power to authorize or approve adjustment clauses that operate without notice and an opportunity for a full and complete hearing, and all such clauses shall be abolished.* The commission may hold a full and complete hearing to determine the cost of fuel, purchased gas, or purchased power, separately from a full and complete hearing on general rate case; such a separate hearing may be held concurrently with a general rate case. [Emphasis added.]

The Attorney General argues that these subsections, which provide for an opportunity for a full and complete hearing before any rate adjustment, conflict with subsection 6h(9), which provides that where a utility submits a GCR plan and the PSC does not timely act upon it, the utility may on its own implement the GCR factor and adjust its rates.

Then, if the total amount collected exceeds the amount allowed by the PSC's final order, the utility must refund the excess. Subsection 6h(9) states:

> If the commission has made a final or temporary order in a gas supply and cost review, the utility may each month incorporate in its rates for the period covered by the order any amounts up to the gas cost recovery factors permitted in that order. *If the commission has not made a final or temporary order within 3 months of the submission of a complete gas cost recovery plan, or by the beginning of the period covered in the plan,* whichever comes later, or if a temporary order has expired without being extended or replaced, then pending an order which determines the gas cost recovery factors, *a gas utility may each month adjust its rates to incorporate all or a part of the gas cost recovery factors requested in its plan.* Any amounts collected under the gas cost recovery factors before the commission makes its final order shall be subject to prompt refund with interest to the extent that the total amounts collected exceed the total amounts determined in the commission's final order to be reasonable and prudent for the same period of time. [Emphasis added.]

The trial court found that Proposal H did not impliedly repeal subsection 6h(9). The court held that the two sections could be read *in pari materia* and construed together. The court held that Proposal H provided only for an opportunity for a full hearing, but does not provide that a hearing actually be held prior to effectuating an increase. Citing *Wayne Co Civil Service Comm v Bd of Supervisors,* 384 Mich 363, 373; 184 NW2d 201 (1971), the court found that repeals by implication are not favored and that thus every effort must be made to reconcile the subsections. The court found that the subsections were reconcilable, as Proposal H provided only for an *opportunity* for a full

hearing. This did not conflict with subsection 6h(9), as that subsection also provided for a full hearing. Only when the PSC did not timely complete its hearing was the utility allowed to unilaterally implement its plan. Then, if the amount collected was more than the amount allowed by the PSC's final order, the excess must be refunded. The trial court noted that the ratemaking process is extremely complicated and lengthy and to disallow a utility the right to begin the implementation of its plan while awaiting the PSC's order could detrimentally affect the utility financially.

We find the trial court's reasoning cogent. In addition, we note that this Court addressed this precise issue in *Attorney General v Public Service Comm,* 158 Mich App 670; 405 NW2d 386 (1986), lv den 428 Mich 881 (1987). In that case, this Court held that subsection 6h(9) was not impliedly repealed by Proposal H and that subsection 6h(9) was not incompatible with Proposal H. We choose to follow *Attorney General v Public Service Comm* in the instant case. For the reasons set forth by the trial court, and in accordance with *Attorney General v Public Service Comm,* the decision of the trial court is affirmed.

Affirmed.